HENRIETTA WALTER *vs.* SAMUEL D. GREENWOOD.

March 28, 1882.

29   87
86   148

**Alias Execution.**—An *alias* execution may properly be issued in this state.

**Cotenants—Improvements.**—A tenant in common cannot, in the absence of an agreement or understanding with his cotenant to that effect, make improvements upon the common property, at the expense in any part of his cotenant, so as to enable him to recover any portion of the cost or value of the improvements, either in an action brought by him for that purpose, or by way of set-off in an action brought against him by such cotenant.

**Offer of Evidence.**—*Follansbee* v. *Johnson*, 28 Minn. 311, followed, as to the inadmissibility of certain testimony, for the reason that the offer thereof was too narrow.

In 1873, certain creditors of one Gaffney and of Louis Walter, husband of plaintiff, recovered a judgment against them. An execution

having been issued and returned unsatisfied, the clerk of the court, on July 9, 1873, issued a second execution, under which a levy and sale was made of certain real property belonging to Gaffney and Walter. After the expiration of the time in which to redeem from this sale, and on July 15, 1875, Gaffney and Walter gave defendant a lease of this property for five years. On August 9, 1875, Gaffney quitclaimed an undivided one-half of the property to defendant. The purchasers under the execution sale conveyed by quitclaim deed, on August 11, 1875, to defendant an undivided one-half of this property, and on August 20, 1875, the other undivided one-half to plaintiff. Defendant sublet the property, and received a rent much greater than he was required to pay under the lease. On March 20, 1880, partition was had between plaintiff and defendant.

This action was brought by plaintiff in the district court for Goodhue county, to recover one-half of all rents and profits of the property from August 20, 1875, to March 20, 1880, plaintiff having been paid by defendant, during this time, only one-half of the rent called for by the lease from Gaffney and Walter.

The action was tried by *Crosby*, J., and a jury, who returned a verdict for the plaintiff. Defendant appeals from an order refusing a new trial.

*J. C. McClure*, for appellant, cited *Henderson* v. *Eason*, 17 Q. B. 701.

*James W. Bass*, for respondent.

BERRY, J. "One * * * tenant in common * * * may maintain an action against his cotenant for receiving more than his just proportion of the rents * * * of the estate owned by them as * * * tenants in common." Gen. St. 1878, c. 75, § 43. Under this provision of statute the plaintiff brings the present action to recover an unpaid balance of her proportion of rents received by defendant for real property, of which, at the time of the receipt, they were, as she alleges, tenants in common. Both parties claim to derive title from the common source of an execution sale. Defendant insists that the sale was invalid; that plaintiff, therefore, acquired no title through it, and consequently did not become his tenant in common, so as to enable her to maintain an action of this kind.

The objection to the execution sale is that it was made upon an *alias* execution, and that this is an unauthorized and void process; the renewal of an execution provided for in Gen. St. 1878, *c.* 66, § 296, having taken the place of an *alias,* and exclusively. At common law the right and propriety of issuing an *alias* execution are unquestionable. Our statutes do not assume to take this right away, and therefore it still subsists. *Barrett* v. *McKenzie,* 24 Minn. 20. This is also in accordance with the prevailing opinion and practice of the profession. When the constitution declares that the duties of clerks of district courts "shall be prescribed by law," it does not use the word "law," as the defendant's counsel supposes, as synonymous with "statute," but in a broader sense, as including both statutory and common law. The objection to the *alias* execution is not well taken.

Defendant's remaining point upon this appeal is based upon the exclusion of evidence offered in his behalf. Defendant had testified as follows: "When I took possession of the property [*i. e.,* the property owned by him and plaintiff in common] there was nothing but a blacksmith shop on one corner of it. Fifteen dollars a month was big rent for the property in the condition it was in when I took it. After I took possession of the property I put improvements on it. Mrs. Walter [the plaintiff] did not object to my putting the improvements on." Defendant was then asked by his counsel: "State what improvements you put upon the property, and the value of the same." Plaintiff objecting that the question was immaterial and incompetent, defendant's counsel offered to show by the testimony of this witness that, after defendant took possession of the land, he built thereon a frame barn, of the value of $600, and that the plaintiff at the time had full notice and knowledge of its construction, and made no objection; that the barn was a permanent structure, an ordinary and suitable improvement of the property, and that defendant paid the entire cost of it, without any contribution by the plaintiff. The question was, however, excluded, and in our opinion properly so. It was not proper to show the value of the barn for the purpose of charging plaintiff with any part of such value, or of the cost of construction.

A tenant in common cannot, in the absence of an agreement or understanding with his cotenant to that effect, make *improvements* upon the common property at the expense, in any part, of his cotenant, so as to enable him to recover any portion of the cost or value of the improvements, either in an action brought by him for that purpose, or by way of set-off in an action brought against him by his cotenant. We are not speaking of *repairs*, nor of what might be done upon a partition. Freeman on Cot. & Par. § 262; *Crest* v. *Jack*, 3 Watts, 238; *Stevens* v. *Thompson*, 17 N. H. 103; *Thurston* v. *Dickinson*, 2 Rich. Eq. (S. C.) 317; *Taylor* v. *Baldwin*, 10 Barb. 582.

In the second place, conceding, for the purposes of this case, that the defendant was by some applicable rule of law entitled to an allowance for so much of the rent received by him as was earned by the barn, his offer (including the question asked) did not go far enough. It did not embrace an offer to show how much the rent was increased by the barn; neither could the increase be properly estimated from the evidence in the case. For this reason it was immaterial, even upon the concession mentioned. *Follansbee* v. *Johnson*, 28 Minn. 311. We do not understand the admissibility of the question and offer to be urged upon any other grounds than these, and no others occur to us.

Order affirmed.