GALE et al. v. FRAZIER et al.

1. PRACTICE—MOTION FOR INTERVENTION—SUFFICIENCY OF COMPLAINT IN—RAISED ON MOTION.

Upon a motion for leave to file a complaint in intervention. the same questions may be raised as to the sufficiency of the complaint, that could be raised on demurrer. And a refusal to allow an intervention upon a demurrable complaint is not error.

2. INTERVENTION—LEAVE GRANTED—WHEN.

The refusal to grant leave to intervene must be: first, because the

complaint does not show a proper case for intervention; second, because the facts are so imperfectly stated in the complaint that a cause of action is not presented thereby; or, third, because the application to the court for leave to intervene was not seasonably made.

3. SAME—WHETHER SEASONABLY MADE—QUESTION OF SOUND DISCRETION FOR COURT.

A party cannot, as a matter of absolute right, choose his own time to make application for leave to intervene. The right to intervene mest be exercised and asserted with reasonable diligence. Whether this has been done is a question for the sound discretion of the court under the facts of each particular case.

4. COMPLAINT—WHAT INTEREST ENTITLES TO INTERVENTION.

To authorize an intervention the complaint must disclose an interest created by a valid claim to the demand, or some part thereof in suit; or a lien upon the property or some part thereof, which is the subject of litigation; and the interest must be of such a direct character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment.

Filed October 6, 1886.

Appeal from the district court of Minnehaha county.

The facts are stated in the opinion.

*Boyce, Noyes & Boyce*, for Margaret Frazier, intervenor and appellart.

A denial of the right to intervene in a proper case is error. Martin v. Thomson, 63 Cal. 1; Coburn v. Smart, Hearst, intervenor, 53 Cal. 742; Coffey v. Greenfield, 55 Cal. 382; Pomeroy's R. & R., Secs. 411, 413 note, 426, 431; Code Civil Proc. Sec. 90. If the deed to Hodgdon was void Margaret Frazier was the legal owner of the land. Civil Code, Sec. 681; Chamberlain v. Taylor, 92 N. Y. 348; Hasbrouck v. Bunce, 62 N. Y. 482.

If Smith were unsuccessful she would be liable on her warranty of the land to Hodgdon and his assigns for the consideration paid to her, and the expenses properly incurred in defending title. Dak. Civ. Code, Sec. 1951; Cal. Civ. Code, Sec. 3304 and cases cited; Shattuch v. Lamb, 65 N. Y. 449; Hamilton v. Wright, 37 N. Y. 502; Somers v. Schmidt, 24 Wis. 417; Gradwohler v. Harris, 29 Cal. 150.

Surely she had an interest in the success of Smith and in the matter in litigation. "Any interest" is held to be sufficient to justify intervention. Coffey v. Greenfield, 55 Cal. 382;

Greeley v. County of Lyon, 40 Io. 72; Young v. Tucker, 39 Io. 596, 600; Camp v. McGillicuddy, 10 Io. 201; Dutil v. Pacheco, 21 Cal. 441.

Both the legal and equitable owners are proper parties, and either may intervene. Gradwohl v. Harris, 29 Cal. 150; Taylor v. Adair, 22 Ia. 279; Pom. Rights and Re. Sec. 137, 426; Reynolds v. Lincoln, 9 Pac. 176 (Cal.); Hasbrouck v. Bunce, 62 N. Y. 482.

Either a necessary or a proper party to the action may intervene. Carney v. Gleissner, 22 N. W. 735; Shaver v. Brainard 29 Barb. 25; Fowler v. Doyle, 16 Ia. 534; Brown v. Bryan, 31 Ia. 556; Hubbard v. Eames, 22 Barb. 597; Camp v. McGillicuddy, 10 Ia. 201.

She was a necessary party. After the analogy of the rule in actions by third parties to set aside deeds as void for fraud as against plaintiffs, in which actions the grantors in the deeds to be declared void must be made parties. Pomeroy's Remedies, Sec. 404 and cases cited; Shaver v. Brainard, 29 Barb. 25; Sewell v. Russell, 2 Paige 175; Lovejoy v. Irelan, 17 Md. 525; Lawrence v. Bank, 35 N. Y. 320; Beardsley Scythe Co. v. Foster 36 N. Y. 566.

As a party absolutely essential to the equitable defense of the defendant Smith. Dak. Code Civ. Proc. Sec. 74; Sedgwick & Waite, Trial of Title to Land, 95, 260; Bliss on Code Pleading, 53 and note; Hamilton v. Wright, 37 N. Y. 502; Farnum v. Peterson, 111 Mass. 148; McMahan v. Bowe, 114 Mass. 140; Hasbrouck v. Bunce, 62 N. Y. 482; Hiner v. Newton, 30 Wis. 640.

The complaint in this kind of action is in the nature of a bill in equity and the equitable rule in respect to parties is to prevail. Brandt v. Wheaton, 52 Cal. 430; Reynolds v. Lincoln *supra*; Young v. Tucker, 39 Ia. 596, 600.

*Melvin Grigsby*, for respondents.

No brief on file.

PALMER, J. This action was commenced by issuing the summons on the twenty-seventh day of September, 1882, and was brought by the plaintiff Artemas Gale to quiet his title to

160 acres of land situate in the county of Minnehaha, territory of Dakota. The chain of title under which the plaintiff claims is as follows: Patent from the government to Margaret Frazier, July, 1864; power of attorney from Margaret Frazier to W. H. Grant, December 9, 1868; warranty from Margaret Frazier to W. H. Grant, attorney in fact, to L. E. Gale, wife of plaintiff Gale, October 12, 1870; a devise from said L. E. Gale (who deceased June 27, 1880,) to the plaintiff Artemas Gale; a deed from Artemas Gale to the plaintiff Helen G. McKinnon, August 1, 1883, and a deed of an undivided one-half interest in said land by Helen G. McKinnon to plaintiff Grigsby, August 14, 1883. The two last deeds were executed during the pendency of this suit. The plaintiff Gale further alleges in his complaint that from the fifteenth day of June, 1871, to the time of her death, the premises in question were in the actual possession of the said Louise E. Gale, and her husband, this plaintiff Artemas Gale; that, from the date of the death of the said Louise E. Gale until the commencement of this action, the plaintiff Artemas Gale was in sole possession of the same; that the defendants, and each of them, unjustly claim to have title in fee to said premises,—with the usual prayer that the defendants be barred from all claim to the estate in question, etc.

Byron M. Smith only answered. On the nineteenth day of December, 1882, the defendant, Byron M. Smith, made his answer, in which he seeks to defend his title through the following chain: First, by admitting the patent, as set forth in the complaint, to Margaret Frazier; second, that said Margaret Frazier conveyed said land by deed to one Oscar Hodgdon on the twenty-ninth day of May, 1872, and that said Hodgdon conveyed the same land, by deed, to the said Byron M. Smith, on the twentieth day of June, 1874. Defendant Smith therefore insists that he has the legal title and right of possession. Smith, further answering, attacks and denies that plaintiff Gale has any legal title to said land, and admits a wrongful possession of the whole of said land by Gale since the year 1876. The answer then, upon information and belief, charges fraud in va-

rious ways and transactions pertaining to plaintiff's chain of title, which are unnecessary to consider here. This answer was subscribed and sworn to by the defendant Byron M. Smith on the nineteeth day of December, 1882, and was filed in the case on the twenty-sixth day of March, 1883. On the fourteenth day of September, 1883, defendant Smith, by his attorney, filed a supplemental answer in the case, setting forth all the facts previously admitted and alleged, and specificially referred to the previous answer of the said Byron M. Smith; and in addition thereto, set forth the fact of the conveyances of said land from Gale to McKinnon, and McKinnon to Grigsby. Such motions were made and orders granted, on application of defendant Smith, that Melvin Grigsby and Helen G. McKinnon were made parties plaintiff, and each made separate reply. On the eighth day of May, 1884, the case was called for trial, whereupon the defendant Byron M. Smith, upon affidavit and papers in the case, asked leave of the court to file *instanter* an amended answer, and an amended supplemental answer, which motion was granted.

The next step in the proceeding was a motion and petition of Margaret Frazier in intervention, and asking to be made a party defendant, and seeking, by her complaint, to be adjudged a trustee of said lands, for the use and benefit of the said defendant Byron M. Smith. This application was presented by her attorneys, Boyce, Noyes & Boyce, some of whom had been, from the commencement of the proceedings, attorneys for the defendant Smith. The motion was denied; and this order of the court below, denying the motion for leave to file her complaint in intervention, and allow Margaret Frazier to be made party defendant with Byron M. Smith in resisting the plaintiff's claim, is the error assigned upon the intervention branch of the case.

The case was then tried by the court, and from the evidence adduced the court found on all the issues for the plaintiff, and ordered and decreed accordingly. As to Margaret Frazier's right to intervene, three very important questions are presented. First, whether, conceding it to be a proper case for

intervention, her complaint is sufficient in law for such purpose? Second, was her application made in time? Third, had Margaret Frazier such an interest in the matter in litigation, in the success of either of the parties thereto, as would entitle her to become a party by intervention? We will consider these in the order stated.

By the first allegation in her complaint we are informed that the patent to the land was issued to her. The second denies any conveyance by her, or by her authority, except on or about the twenty-ninth day of May, 1872, when, she declares, she, "by her certain warranty deed of that date, duly executed, acknowledged, and delivered, and for a good and valuable consideration, conveyed the whole of said land in fee simple to one Oscar Hodgdon." The above, though a meager allegation as to the kind of warranty. or the quantity or quality of the consideration for such conveyance to Hodgson, would doubtless be sufficient to settle one of the conditions contemplated by our statute on intervention, viz: Margaret Frazier, by thus showing a conveyance of the land from herself to Hodgdon, cannot be in a position to claim an interest "against both" the parties litigating. Her legal status, then, must be as one having an interest in the matter in litigation of one of the parties. She says her interest lies with the defendant Smith. If that be true, it must be by reason of her covenants to Oscar Hodgdon, who is not a party here. Hodgdon being the grantee of Frazier, and the grantor of defendant Smith, it becomes important to inquire what her relations are to Smith, so far as having "an interest in the matter in litigation" between Gale and Smith. The only information obtainable upon this point is found in her complaint in intervention. By that she says she conveyed in fee-simple, by warranty deed, the land in question to Oscar Hodgdon, and that Hodgdon subsequently, by deed, conveyed the same to Smith.

It is insisted that Margaret Frazier had a right to intervene and be made a party, because she was grantor in a deed to Hodgdon, who deeded to Smith; and, if Smith is unsuccessful in this suit, she would be liable on her covenants of warranty

to Hodgdon. Upon the complaint, with no further allegations or information concerning the covenants the court below must have been expected to presume that the covenants in her deed to Hodgdon were such as would pass with the estate, to establish such liability and interest. Conceding that this would be such an interest in the result of the action as would entitle Margaret Frazier to intervene, there is nothing in her complaint, upon which her motion to intervene is founded, from which the court could determine that she would be liable to Smith as a direct and unavoidable result of a judgment for the plaintiff.

The complaint in intervention, under our Code, is governed by the same rules as to its sufficiency as an original complaint. Sec. 90, Code Civil Proc. The only allegations of the complaint relating to this branch of the case are that Margaret Frazier, by her "certain warranty deed," conveyed to Hodgdon and he, by his "certain deed" conveyed to Smith. The deed from her to Hodgdon is not set out in the complaint; neither is there any allegation as to what covenants of warranty her deed contained. There are several covenants recognized by our code, and a deed containing any one of them could be properly called a warranty deed. Some of these run with the land, so as to vest in the assigns of the covenantee, and others do not. The only covenants that run with the land are covenants of warranty for quiet enjoyment, or for further assurance on the part of the grantor. This is the general rule at common law, and an express provision of our statute. Sections 819–824 inclusive, Civil Code. The covenants named in our statute, and which do not run with the land, are covenants of seizin, of right to convey, and covenants against incumbrances. Civil Code, §§ 1951, 1952. Suppose the covenant in her deed to be of seizin only. That covenant does not run with the land, and is not assignable. Rawle. on Cov. 333, and cases cited; Leroy v. Beard, 8 How. 451; Pollard v. Pickett, 4 Cranch, 421; Greenby et al. v. Wilcocks, 3 John. 1; Mitchell v. Warner, 5 Conn. 497; 3 Washb. Real Prop. 382. The same is true of any other covenant which does not run with the land, and is not assignable.

The covenant contained in her deed, for all that appeared to the court when the motion for intervention was denied, might have been merely a covenant against acts of the grantor, and still her deed could have been called a warranty deed.

Again, it may well be doubted whether a judgment against Smith in this action could in any sense affect the rights of Margaret Frazier, even admitting her covenants to Hodgdon to run with the land. She was never cited into court to defend her covenants. No claim is made that she was in any manner notified to assist in the defense, and the effect of the decisions in this country seem to be that a judgment against Smith in this case might be evidence of eviction. Yet it is not *prima facie* evidence, even, that such eviction was under title paramount either as against Hodgdon or Margaret Frazier, neither of whom had been a party or privy to the proceeding. In other words, it may be well questioned whether, in order to make Margaret Frazier directly liable to Smith by reason of a judgment against him in this proceeding, it should not appear from her complaint in intervention that she had been notified by him of the pendency of the suit, and required to appear and defend in the action. Rawl. Cov. 236; Somers v. Schmidt, 24 Wis. 417; Shattuck v. Lamb, 65 N. Y. 503.

If the complaint had been admitted by the trial court, we think it would have been demurrable, or subject to motion to strike from the files. The procedure required the motion made in the court below; and, the motion being founded on the complaint, we think the same question of insufficiency could be raised upon motion that could have been presented by a demurrer, and no error was committed in denying it.

2.   Was Margaret Frazier's application made in time?

"An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons," and is made by complaint, setting forth the grounds upon which the intervention, filed by leave of the court," etc. Code Civil Proc. § 90. The corresponding provision in the California code is identical with our own. Iowa is similar, except no leave of court is first to be obtained. In that

state the complaint in intervention may be filed, as a matter of right, before trial, by any person claiming to have an interest in the matter in litigation; the complaint, of course, subject to all legal objections, the same as any other pleading in the case. We must therefore conclude that this power of permission or refusal was vested in the court by the statute makers for some purpose. None is apparent, unless it be for one of the three reasons presented by the above propositions, viz: That the complaint does not state a proper case for intervention; or, second, that the facts are so imperfectly set forth in the complaint that a cause of action is not presented thereby; or, third, that the application to the court for leave to intervene was not seasonably made. As the first two of these propositions could be taken advantage of after the application had been permitted by the court, either by demurrer, or a motion to strike from the files, we are led irresistably to the conclusion that the sound discretion of the court was to be exercised when required by the last.

It is unfortunate, to say the least, but the evidence is abundant in all courts that litigants with great interests involved, are often by one pretext or another, compelled to submit to vexatious delays in the judicial determination of their rights. To remedy this evil stringent legislation is sometimes enacted; exhaustive and rigorous rules of court are often adopted. Notwithstanding these, the exercise of the sound discretion which is always vested in the court is very often invoked and exercised by that tribunal in the proper administration of the law. No doubt can be entertained but that a correct interpretation of the statute under consideration is that, if the court was satisfied that any object was sought to be attained, other than the proper and speedy adjustment of the matter in controversy, the spplication for intervention might safely be denied, and the applicant refused to become a party in the determination of issues which other parties were submitting for judicial adjustment. It may, however, be safely admitted than an abuse of discretion by the trial court would be error; and, while we are not disposed to

seriously question the proposition of the learned counsel for the appellant, that "intervention, under the Dakota code, is not the mere discretionary privilege, grudgingly bestowed, * * *, but is a right to be freely exercised," yet we are of the opinion that it is a right which must be exercised with reasonable diligence, rather than a right which may be toyed with at pleasure and exercised, dernier resort for the purpose, either of gaining additional time, or forcing an opponent to meet issues which are suddenly thrust upon him by an entire stranger to the case

From the record it appears that the action in this case was instituted by the issue of summons on the twenty-seventh day of September, 1882. It was reached for trial May 8, 1884. Between those dates the defendant Smith had filed his answer, an amended answer, and a supplemental answer. It may be observed in this connection, that the senior counsel for defendant Smith in this court was his original attorney in the case. On the eighth day of May, 1884, the case was called in the district court for trial. Before proceeding the defendant Smith asked leave of the court to file still another amended answer and an amended supplemental answer. This was granted. Then a motion was made by the attorney for defendant Smith (who then appeared as attorney for Margaret Frazier) for leave to file her complaint in intervention, which appears at length in the record in the case. Upon hearing, that motion was denied. A comparison of the issues presented by the complaint in intervention with those then made up in the main case warrants the presumption that the plaintiff would very likely be unprepared to meet the new issues at that term.

While we appreciate the evident design of the procedure under the code, to provide for and allow all controversies over the same subject matter to be litigated and determined, as far as possible, in a single action, yet we can see no merit in it, when it is transformed into an engine of obstruction, and run counter to the general purpose for which it was designed. If we should recognize the absolute right of intervention in such cases by third persons, the time when a party standing in the

relation of plaintiff herein would reach a judicial determination respecting his title would depend upon the number of record conveyances made by the grantor of him with the adverse title, the number and character of the covenants in each, and the ingenuity and skill, as an obstructionist, of . his adversary's counsel.

If it was so essential to the interest of defendant Smith that Margaret Frazier be allowed to come to his assistance, it is somewhat remarkable that it should not be discovered before the cause was called in court for trial. If Smith elected not to adopt the course heretofore suggested, and failed to cite or notify Margaret Frazier to appear and protect him and defend her covenants, we think she was bound to act promptly in the other course. This she did not do. The application, under the circumstances, came too late; and the court, in the exercise of the discretionary power conferred by the statute, committed no error in denying the motion. Hacker v. Kellegg, 14 Cal. 165.

The third proposition—viz: had Margaret Frazier such an interest in the matter in litigation, in the success of either of the parties there contending, as would entitle her to admission as intervenor—is perhaps more important than either of those preceding, and must be determined by an application of the law upon the subject (as now understood by the courts) to the case made out in her complaint. From that can it be determined that she had a direct interest in the matter in litigation, within the meaning of the statute? She states, in her complaint, that she conveyed the land to Hodgdon, and Hodgdon to Smith; and Smith's title alone is sought to be impeached by the decree of a court of chancery. The legal title, then, confessedly, had passed from her, but by what class of covenents we are unable to say. She could claim no legal title in her contest with the plaintiff. But counsel for appellant insists, "if plaintiffs were successful, she would be liable on her warranty of the land to Hodgdon and his assigns," etc. Would she?

From her complaint we may suppose that her covenants to Hodgdon were full covenants which would pass with the land.

We can guess that those covenants, if such they were, had not been released to her by Hodgdon before his conveyance to Smith. We may presume that Smith, by not citing her in to defend, and by remaining inactive for eight years, and not bringing an action in her name to defeat Gale's title, (a proceeding provided by our code,) had not estopped himself from proceeding against her for damages for the breach of some unknown covenants to Hodgdon; but this will not answer the rule laid down by the adjudicated cases. The question is not whether she may imagine a liability on her part to Hodgdon or Smith if the plaintiff should prevail, nor is it, even, whether she might not be, under the peculiar provisions of a deed, liable on her covenants to Hodgdon, but the question is, does Margaret Frazier's complaint show that she had such an interest in the subject matter in litigation, and of such a direct and immediate character, that she would gain or lose by the direct legal operation and effect of the judgment in this suit? The subject-matter in litigation presented the question of the sufficiency of the deed from Hodgdon to Smith to convey the title as against Gale. Smith's title may have been defeated by Gale for reasons which could not concern Margaret Frazier, and the record fails to show that such was not the case.

The law of intervention is first found in tne Code of Procedure of Louisiana. Perhaps the earliest adjudicated case upon this subject is Gasquet v. Johnson, 1 La. 425, which in nearly all the subsequent cases has been referred to and cited as "the leading case upon the subject." That was a suit brought upon a bill of exchange drawn by the defendant; but the plaintiff's petition contained such a misdescription of the draft as was fatal to recovery unless it was allowed to amend. Subsequent attaching creditors claimed the right to intervene, for the purpose of objecting to the power of the court to grant the amendment, on the ground that they had an interest in defeating a recovery in favor of plaintiffs because the debtor defendant's property was insufficient in amount to satisfy the claims of all their creditors. The court denied their right to intervene for that purpose, on the ground that such interest was

not "an interest in the matter in litigation within the meaning of the statute." Speaking of an interest of that kind the court says: "This, we suppose, must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties. Otherwise the strange anomaly would be introduced into our jurisprudence of suffering an accumulation of suits in all instances where doubts might be entertained, or enter into the imagination of subsequent plaintiffs, that a defendant against whom a previous action was under prosecution might not have sufficient property to discharge all his debts; for, as the first judgment obtained might give a preference to the persons obtaining it, all subsequent suitors would have an indirect interest in defeating the action of the first. To authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part of it, in suit, or a claim to or lien upon the property, or some part thereof, which is the subject of the litigation."

To the same effect is Horn v. Volcano Water Co., 13 Cal. 62, where the case of Gasquet v. Johnson is cited with approval and the learned Justice FIELD, in delivering the opinion of the court says: "To authorize an intervention, therefore, the interest must be that created by a claim to the demand, or some part thereof, in suit, or a claim to or line upon the property, or some part thereof, which is the subject of litigation."

The above enunciation of the law is endorsed by the courts of Minnesota, where they have the same intervention statute. Bennett v. Whitcomb, 25 Minn. 148. See Pom. Rem. §§ 426, 431, and notes.

None of these cases, so far as our examination goes, are in conflict with these decisions. In Horn v. Volcano Water Co., some of the parties who asked were permitted to intervene. Rawle was a contract creditor of the defendant's, and sought to protect himself by way of intervention, and alleged that the contract which was the basis of the action was fraudulent; and if the plaintiff, through collussion with the defendant, was permitted to recover judgment, other creditors would be de-

frauded. And the court says: "His intervention is only an attempt of one creditor to prevent another creditor obtaining judgment against the common debtor,—a proceeding which can find no support either in principle or authority. The interest mentioned in the statute which entitles a person to entervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment." In that case the petition of the intervenor Shaffer and others was granted, and the relative position of these two classes of intervenors, with reference to the subject-matter in litigation, well marks the distinction to be observed. Proceeding, the court further says: "The petition of Shaffer and others stands upon a different footing. It shows that they were judgment creditors, having liens, by their several judgments, upon the mortgaged premises at the time of the institution of the present suit. As such they were subsequent incumbrancers and necessary parties to a complete adjustment of all interests in the mortgaged premises, though not indispensable parties to a decree determining the rights of the other parties as between themselves."

Thus, in the case at bar, if Margaret Frazier had been a judgment creditor with a lien upon the premises, or a subsequent incumbrancer, by any other means, with any direct interests in the land, so that she became necessarily a party to any decree which might be made, she then would have stood in the relation of a party in interest, within the meaning of the of the statute. No such interest is shown by her complaint, and none existed. She was not a necessary party.

Under the provision of our code respecting conveyances of land by a grantor out of possession, it is probable that Smith would be unable to exercise as great latitude in making his defense here as he might have exercised if he mad been the moving party, and instituted his action in the name of Margaret Frazier against this plaintiff at some time during the eight or nine years when this opportunity was open to him. His failure

to do this gives him no right, under any provision of our statute, to defend in the name of another, and no rule should be invoked in this case except what is clearly contemplated by the intervention provisions of our code.

For the reasons above stated we are of the opinion that no error was committed by the refusal of the district court to grant Margaret Frazier's motion for intervention. Judgment affirmed.

WM. E. CHURCH and FRANCIS, JJ., dissenting. TRIPP, C. J., having been of counsel, did not sit in the case.