## YETZER *et al.* v. YOUNG, (Young, Intervener.)

1. To entitle a party to intervene, under section 4886, Comp. Laws, the interest must be that created by a claim to the demand or some part thereof, or a claim to a lien upon the property or some part thereof, which is the subject of the litigation.
2. In an action by the holder of a chattel mortgage against the mortgagor for the possession of the mortgaged property, a mere judgment creditor, without lien by levy of execution or attachment, is not entitled to intervene for the purpose of showing the mortgage paid or fraudulent.
3. Where an execution is returned by the sheriff with his certificate showing a levy, and a release and restoration of the property because subject to chattel mortgage which the judgment creditor refused to pay, a second execution may be issued by the clerk, and section 5147, Comp. Laws, does not apply to such case.
4. Parol evidence of the sheriff is not competent to prove a levy, but, if such evidence is offered and received without objection, its incompetency is waived.
5. Where the intervener was allowed a show without objection that an execution was issued upon her judgment, levied upon the property, the possession of which is the subject of the litigation between plaintiff

and defendant, and that such property was then in the possession of the sheriff under such levy, the court ought not, after the evidence is all in and the trial closed, to strike out the evidence of such facts, either because incompetent or not pleaded, but should allow intervener's motion to amend her pleading to correspond with the facts proved.

(Syllabus by the Court. Opinion filed Aug. 17, 1892.)

Appeal from circuit court, Hand county.   Hon. H. G. FULLER, Judge.

Action in claim and delivery for the possession of mortgaged chattels, for the purpose of foreclosing a mortgage.   Defendant answered alleging full payment of the debt.   The appellant herein, as a judgment creditor of the defendant, intervenes, and answering alleges that the mortgage has been paid.   Upon trial the court struck out all the testimony given in behalf of the intervener and directed a judgment against her.   The intervener appeals.   Reversed.

The facts are stated in the opinion.

*A. B. Melville* and *Melville & Langley*, for appellant.

A mortgage containing a stipulation that the mortgagors were to sell the mortgaged goods for their use and benefit is void as to creditors.   Noyes v. Lane, 1 S. D. 125.   An execution can be renewed without losing its lien.   Freeman, Exec. 56; State v. Page, 40 Am. Dec. 608; Clark v. Reiniger, 24 N. W. 17; Doremus v. Walker, 42 Am. Dec. 634; Crocker on Sheriffs, § 431; Musser v. Maynard, 6 N. W. 55.   A defendant has a right to intervene at any time before trial.   Section 90, C. Code.   The court erred in striking out the evidence of appellant, when the same sustains a full defense to matters set up in the complaint.   Dewey v. Fox, 22 Barb. 522.

*C. G. Hartley*, for respondents.

Any party having an interest in the matter in litigation, or some lien on or claim to the property in controversy, may intervene.   Section 4886, Comp. Laws; Gasquit v. Johnson, 1 Lou. 425; Horn v. Volcano, 13 Cal. 62; Pomeroy, Rem. § 423; Homby v. Gordon, 9 Bosw. 656; Sims v. Goethe, 82 N. C. 268; Tack v. Barchin, 52 Iowa, 46; People v. Albany, 77 N. Y. 232; Waring v. Waring, 3 Abb. Pr. 246; Baker v. Riley, 16 Ind. 479; Stich v. Dickinson, 38

Cal. 608; Poehlmann v. Kennedy, 48 Cal. 201; Brooks v. Hager, 5 Cal. 281; Sargent v. Wilson, 5 Cal. 504; Moss v. Warner, 10 Cal. 276; County v. Adams, 7 Cal. 35; Davis v. Eppinger, 18 Cal. 378; Speyer v. Ihmels, 21 Cal. 280; Coghill v. Marks, 29 Cal. 673; Gale v. Shillock, 30 N. W. 138; Bennett v. Whitcomb, 25 Minn. 148; Wohlwend v. Case, 44 N. W. 517; Jacobson v. Landolt, 40 N. W. 635; Insurance Co. v. Lent, 39 N. W. 826. When an officer under an execution has levied upon sufficient property to satisfy the execution he cannot make a second levy. Hoyt v. Hudson, 12 Johns. 207; Clark v. Withers, 2 Lord Reymond, 1072; Ladd v. Blunt, 4 Mass. 403; Reed v. Pruyn, 7 Johns. 428; Lindley v. Kelly, 42 Ind. 310; Carr v. Wells, 19 N. J. Eq. 319; Chisholm v. Chittenden, 45 Ga. 213; Bank v. Rogers, 15 Minn. 381; Brown v. Kidd, 34 Miss. 291; Peay v. Fleming, 2 Hill, Ch. 97.

In moving for a new trial, on the grounds of insufficiency of the evidence, the notice of intention must specify wherein the evidence is insufficient. Section 5090, Comp. Laws; St. Croix v. Pennington, 2 Dak. 467; Caulfield v. Bogle, 2 Dak. 464; Bush v. Railroad, 3 Dak. 444; Falk v. Mielenz, 5 Dak. 136; Gaines v. White, 1 S. D. 434.

The amendment of pleadings on trial is discretionary with the court and not reviewable on appeal. Kelsey v. Railroad, 1 S. D. 80; Miller v. Perry, 38 Iowa, 301; Bergsma v. Dewey, 49 N. W. 57; Ward v. Waterman, 85 Cal. 488; Burnard v. Spring, 42 Barbour, 470; Bailey v. Kay, 50 Barbour, 210.

Where the proof is so predominating that a verdict against it would be set aside by the court as contrary to the evidence, it is the duty of the court to direct a verdict in favor of the party having the preponderance. Langley v. Daly, 1 S. D. 257; Peet v. Insurance Co., 1 S. D. 462; Stone v. Flower, 47 N. Y. 566; Dillon v. Cockcraft, 90 N. Y. 649; Algur v. Gardner, 54 *Id.* 360; Campbell v Berch, 60 *Id.* 214.

KELLAM, P. J. The facts in this case necessary to an understanding of the questions raised are as follows: Plaintiffs claim to be the owners, by assignment, of a chattel mortgage on a stock of goods. The mortgage was given by Childs & Young, a partnership, of which defendant, Charles H. Young, was, at the time of

these proceedings, surviving partner. Default having been made in payment, as alleged by plaintiffs, and Young refusing to surrender the mortgaged goods under the mortgage, plaintiffs commenced an action, January 20, 1890, in claim and delivery for the possession of the goods, for the purpose of foreclosing their mortgage. Young gave bond, and retained possession of the goods. He answered, alleging full payment of the mortgage debt. In March, 1890, Libbie T. Young, the appellant herein, represented by affidavit to the court in which such action was pending that, on the 7th day of January, 1890, she recovered a judgment against Charles H. Young, as surviving partner of Childs & Young; that on said 7th day of January execution was issued thereon and levied upon the same stock of goods claimed by plaintiffs under their mortgage, then in the possession of said Young as such surviving partner; that the sheriff refused to sell said property under said execution and levy, unless appellant would first pay and satisfy the chattel mortgage of plaintiffs; that said stock, since the execution of the said mortgage thereon, had remained in the possession of said Childs & Young, and said Young as surviving partner, as aforesaid, and that said Young, as such surviving partner, had, with the knowledge and consent of the mortgagees therein, continued to sell said goods at retail in the usual course of trade, for his own use and benefit; and that said mortgage was fraudulent and void as against her judgment and execution. Upon such affidavit, and the presentation of her separate answer, the court made an order March 10, 1890, allowing her to intervene in said action and file and serve said separate answer. The answer set up the same matters as the affidavit, and further alleged that the mortgage was fully paid. To this answer plaintiffs replied, denying the allegation of payment, and all the allegations of fact as to the fraudulent character of the mortgage, and alleging that the intervener's judgment was obtained by her through fraud and collusion with defendant Young, and for the purpose of defrauding plaintiffs, and that there was no consideration therefor. The practice in this case does not seem to have been technically correct, but no rights appear to have been prejudiced thereby. Upon the trial, after the close of the evidence upon the issues

made by the answer of Libby T. Young, intervener, the court, on motion of plaintiffs, struck out all testimony in her behalf, and directed a verdict against her. To test the correctness of this ruling is the principal purpose of this appeal.

The first question presented is as to the qualifications of an intervener. Our statute respecting intervention, when and how it may take place, is the same as that of California, and practically like that of Minnesota and Iowa. Any person may intervene "who has an interest in the matter in litigation,—in the success of either party." Section 4886, Comp. Laws. Appellant contends that as a simple judgment creditor she had such "an interest in the matter in litigation" as entitled her to intervene, the argument being that the object of plaintiffs' action was to get possession of the goods, to appropriate them to the payment of their alleged mortgage, and thus reduce and divert the fund out of which she might otherwise collect her judgment, and that she was directly interested in preventing this. The subject-matter of the litigation was plaintiffs' right to take the goods under their mortgage. It went only to the possession. In this question appellant could not be concerned, unless she had some interest in the goods that might be affected by such change of possession. We do not think appellant's interest as a general judgment creditor, either in the matter in litigation or in the goods, was sufficiently direct or immediate to entitle her to intervene. Upon this point the case of Horn v. Water Co., 13 Cal. 62, is instructive. Plaintiff brought suit upon a note and mortgage executed by the trustee of the defendant company. Certain creditors of the company intervened alleging fraud in the execution of the note and mortgage, and that they were void. In the supreme court petitions for intervention of such creditors only as had liens upon the mortgaged property were allowed; those showing no such liens were dismissed. In the opinion FIELD, J., says: "The petition of the creditor R. does not disclose any right on his part to intervene. It shows that he was a simple contract creditor, holding obligations against the company, but it does not show that any portion of them was secured by any lien upon the mortgaged premises. * * * To authorize an intervention, therefore, the interest must be that

created by a claim to the demand, or some part thereof, in suit, or a claim to a lien upon the property, or some part thereof, which is the subject of litigation." In Gasquet v. Johnson, 1 La. 425, a particularly interesting case, because it is understood that our law of intervention came from the Civil Code of Louisiana, the action was upon a bill of exchange drawn by defendant. In plaintiff's petition the draft was so incorrectly described that no recovery could be had without an amendment. Subsequent attaching creditors claimed the right to intervene for the purpose of objecting to such amendment, on the ground that they had an interest in defeating a recovery by the plaintiff, because the defendant's property was insufficient to satisfy the demands of all his creditors. The court denied their right to intervene, on the ground that theirs was not "an interest in the matter in litigation," within the meaning of the statute. Speaking of an interest of that kind, the court says: "This we suppose must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties." The same doctrine is taught in Bennett v. Whitcomb, 25 Minn. 148.

The "matter in litigation" in the original action in which appellant sought to intervene was plaintiffs' right to the possession of the goods under their mortgage. In such an action appellant could not intervene without showing that she had some interest in or relation to the property upon which the law would recognize her right to appear for and protect it from going even temporarily into the wrongful possession of another. In this respect there is an analogy between the qualifications of an intervener and one entitled to attack a conveyance as fraudulent. A general creditor, either contract or judgment, may not do it. He must first become interested in the particular property he desires to reach, by attaching his claim to it. In case of real estate, this may be done in this state by docketing a judgment in the proper county, or, in case of personal property, by levying an execution or attachment. The property involved in this case was personal property, and we do not think that appellant, as a judgment creditor merely, was entitled to intervene.

It next becomes of interest to inquire whether appellant had a lien upon this property by virtue of either or any of the several executions alleged to have been issued upon her judgment and levied upon this property. The first execution was issued January 7th, and levied upon these goods January 8th. It was returned by the sheriff, March 10th, his return showing that after the levy he released the goods because he found they were subject to chattel mortgage, which the appellant refused to pay. The sheriff having thus released the goods from his levy of January 8th, and returned the execution, nothing further was done by appellant until April 15th, when another execution was issued and delivered to the sheriff, when he again, April 17th, levied upon the stock of goods in question. So that when the order was made, April 28th, allowing plaintiff to intervene, she had presumptively a lien upon the goods by virtue of such levy. This execution, with sheriff's certificate showing levy but nothing more, was returned June 14th, and a new execution issued by the clerk. This in turn was, at the end of 60 days, returned into the clerk's office, without any return of the sheriff, and a new execution issued on same day, to wit, August 13th. These several executions, except that of January 7th, with their indorsements, were received in evidence without objection. Respondents contend that each of these executions except the first one issued January 7th, was void for the reason that the sheriff's return on that execution showed that it was duly levied upon property; "that section 5147, Comp. Laws, is the only section that provides for the issuing of a second execution;" and that the clerk had no authority to issue a second execution, except as provided in and subject to the conditions of said section. This section, without quoting it, is evidently intended to apply to the contingency therein described, and to no other,— the case where property has been levied upon, advertised, and offered for sale, but when no bidders appear at the sale, as mentioned in section 5145,—but it cannot be made to cover a case like this, where the levy is made and released. The property remains unsold, not for want of bidders, but because the original design to sell has been abandoned, the property released from the execution, and restored to the party from whom it was taken.

We do not find in our statutes any general provision in respect to the issue of executions after the first or original one, and we conclude, not that such executions cannot be legally issued, but that the legislature had no design to interfere with or change the rule as established by the practice of the courts. It is the constant practice to issue a second or *alias* execution when the first is returned unsatisfied in whole or in part. The fact that the statute is silent upon the subject could not be construed to change the law, and to take away the power of the clerk to issue a second or *alias* execution. Walter v. Greenwood, 29 Minn. 87, 12 N. W. Rep. 145. It is, however, by no means certain that such practice is not fully provided for and authorized by section 5110, Comp. Laws, which provides that the party in whose favor a judgment is rendered may "at any time" within five years proceed to enforce it by execution. Statutory language similar to though not identical with this is held in Iowa to authorize a second execution, when the sheriff returned the first, and his return showed that under it he had made a levy and released it. Clark v. Reiniger, 66 Iowa, 507, 24 N. W. Rep. 16.

This execution was not in terms returned unsatisfied, but the sheriff's certificate showed that he had made a levy, and had afterwards, for reasons stated, wholly abandoned it, released the property thus levied upon, and returned the execution. We do not think the second execution issued under these circumstances was void. We do think, however, that the evidence shows an abandonment of the levy under it. The sheriff returned this execution, with a certificate showing his levy upon the goods in controversy and nothing more. And upon the same day he received another execution upon the same judgment, which he returned into the clerk's office, August 13th, without any return whatever. Conceding the levy under this second execution constituted a lien upon the goods, the lien did not survive the execution. The execution which succeeded this was not in terms issued as an *alias* to it, and made no reference to it or to what had been done under it. When the second execution was returned, it was *functus officio*, and the lien which was created under and depended upon it died with it. What, then, was the effect of the

execution of August 13th?  This execution was introduced in evidence, but it does not show that it was levied upon these goods. The sheriff, however, testifies that it was so levied August 13th. While it may be doubted if this evidence of the levy was competent or would have been received if objected to, it became competent by being received without objection.  Warder v. Ingli, (S. D.) 46 N. W. Rep. 181.

We think that when the intervener was thus allowed, without objection from any source or on any ground, to prove these facts, she was entitled to the benefit of them, and that plaintiff could not afterwards, and at the close of the trial, ask to have such evidence stricken out or disregarded.  Maxwell v. Railroad Co., 85 Mo. 95; Wiggins v. Guthrie, (N. C.) 7 S. E. Rep. 761.  These facts could not have been set up in her original application to intervene, nor in her answer filed by leave of court, for they did not then exist.  They might have been set out in a supplemental pleading, but failing to object was a waiver of the objection of incompetency. It stands proved then that, on the 13th day of August, an execution was issued upon appellant's judgment, possibly irregular and voidable, but certainly not void; that under it the sheriff levied upon this stock of goods, and by virtue of such levy had possession of them at the time of the trial.  These facts would show appellant's lien upon the goods, and her interest in the matter in litigation, and consequently her right to intervene, and show, if she could, that the mortgage which was apparently superior to her execution lien, and in her way, was fully paid, or was fraudulent and void as to her.  We are constrained to think that the trial court, instead of striking out the intervener's evidence at the close of the trial, so admitted without objection, and therefore competent for the purposes of this case, should have allowed her motion to make her pleading conform to the facts proved.  It seems to us that this would be in furtherance of justice, for it would only give the intervener a foothold in court to show, if she could, that plaintiffs' mortgage was fraudulent and void or that it had been fully paid.  If she can show this, she ought to be allowed to so do, for then plaintiffs ought not to have possession of the goods.  If she cannot do it, she will fail in the action, and

no serious harm will result. At all events, we think the evidence upon the record entitles her to intervene. The judgment of the trial court dismissing appellant's intervention is reversed, and the cause remanded for further proceedings in accordance with this opinion. All the judges concurring.