McClurg *et al.* v. State Bindery Co. *et. al.*

An assignee for the benefit of creditors, in the absence of peculiar facts, has no such interest in the "matter in litigation" as entitles him to intervene to defend a purely personal action against his assignor.

(Syllabus by the Court. Opinion filed Oct. 31, 1892.)

Appeal from circuit court, Hughes County. Hon. H. G. FUL-LER, Judge.

Action against the State Bindery Company on an account. During the pendency of the action and after issue joined defendant made an assignment for the benefit of creditors to Royal F. King, the appellant. The assignee as such applied to intervene,—which application was denied. From the order denying the application the assignee appeals. Affirmed.

*Peacock & March,* for appellant.

Any person having an interest in the matter in litigation may intervene at any time before trial. Sections 4802, 4887, Comp. Laws; Herman v. Barnhydt, 20 Neb. 625; 30 Cent. Law J. 26. An assignee or trustee should take all legal steps necessary to protect the trust. Burrill, Assign. 462; Perry, Trusts, § 266; 1 Am. & Eng. Ency. Law, 876; Blackburn, App. 39 Pa. St. 160; 11 Am. & Eng. Ency. Law, 186; Byrne v. Creditors, 33 La. Ann. 198. Where an assignment is made *pendente lite*, the assignee should be allowed to come in at his own option. Cleveland v. Boerum, 3 Abb. Pr. 298; Sedgwick v. Cleveland, 7 Paige, 291; 3 Estee's Pl. 227; Mann v. Flower, 5 N. W. 365; Wetmore v. McMillon, 10 N. W. 721; Mower's App., 12 N. W. 646; Howe v. Jones, 10 N. W. 299; Speyer v. Ihmels, 21 Cal. 379; Kethum v. St. Louis, 101 N. S. 306; Campbell v. Holland, 22 Neb. 585.

An assignment for the benefit of creditors operates to revoke the authority of the agent for the transaction of the principal's business. Mechem, Ag. § 263; Minnett v. Forester, 4 Taunt. 541; Drinkswater v. Goodwin, 3 Cow. 251; Parker v. Smith, 16 East. 382; Bank v Bank, 76 Ind. 561; 40 Am. Dec. 261; City Bank v. Weiss, 67 Tex. 333; Bank v. Bank, 33 Fed. 408; *In re* Armstrong, 33 *Id.* 405.

*Horner & Stewart*, for respondent.

The granting of an application to intervene lies in the discretion of the court, and an order refusing to allow a party to intervene is not appealable. Bennett v. Whitcomb, 25 Minn. 148; *In re* Cutting, 94 U. S. 14; Connor v. Peugh, 59 U. S. 394; Pomeroy, Rem. & Rem. R. § 423; Scheidt v. Sturgis, 10 Bosw. 606; People v. Sexton, 37 Cal. 532. An assignee, simply as such, has no right to intervene in an action against the assignor. Meyer v Black, 16 Pac. 620; Howitt v. Boorman, 21 N. W. 292. The interest that entitles a party to intervene must be in the matter in litigation, and of such a nature that he will gain or lose by the direct legal operation and effect of a judgment thereon. Lewis v. Lewis, 10 N. W. 586; Gasquet v. Johnson, 1 La. 425; Horn v. Volcano, 13 Cal. 62; Gale v. Shillock, 30 N. W. 138; Pomeroy, Rem. & Rem. R. § 424; Kelsey v. Murray, 28 How. Pr. 243; Tallman v. Hollister, 9 How. Pr. 508.

Kellam, J. In September, 1890, the respondents brought an action against the defendant the State Bindery Company, a corporation under the laws of the state, upon an alleged indebtedness on account. The defendant company answered, and, while the case was at issue and pending, the defendant company made a general assignment for the benefit of its creditors to the appellant, King. As such assignee he applied to the circuit court, in which such action against his assignor was pending, for leave to intervene for the purpose of defending against such action. Such petition was denied, and he appeals. There are no peculiar facts in this case. It presents the single question whether the assignee of an insolvent corporation has the legal right to intervene in an action against such corporation for the purpose of contesting its liability. In Gale v. Shillock, 30 N. W. Rep. 138, the territorial supreme court, and in Yetzer v. Young, 52 N. W. Rep. 1054, this court, held that, to entitle a party to intervene under section 4886, Comp. Laws, "the interest in the matter in litigation" must be that created by a claim to the demand, or some part thereof, or a claim to a lien upon the property, or some part thereof, which is the subject of the litigation. In this the subject of litigation is not property at all, but the personal liability of the defendant cor-

poration for goods alleged to have been sold to it. The corporation had answered on the merits, and was presumably itself looking after its defense. By assigning its property it did not surrender its corporate existence, or its individuality. It was the same corporation as before, with the right to sue and defend. It still had, or might have, a board of directors, with a will and a policy of its own. It might prefer to conduct its own defense against this claimed liability, with neither help nor interference from the assignee. In this case there is nothing to indicate that the defendant corporation and the assignee were not acting harmoniously, but to hold that appellant had a right to intervene upon the simple ground that he was assignee would give such right to the assignee in every case. He might assert it even against the protest of the assignor. The authorities cited by appellant's counsel are not controlling. They are all cases where the immediate subject of the controversy was property. In such case the assignee may intervene, because by the assignment he becomes the custodian of all the assignor's property. The assignor expressly transfers it to him, and he is charged with the duty of taking, holding, and protecting it, but he neither assumes, nor does the law impose upon him, any obligation to protect the corporation itself. He merely takes its assets for collection and distribution. The corporation and its officers remain, with all the powers with which the statute has clothed them, the same after the assignment as before. Burrill, Assignm. (5th Ed.) § 299; Hurlbut v. Carter, 21 Barb. 221. In respect to the right of an assignee to intervene to defend an action against his assignor, we discover no reason for distinguishing between assignments by corporations and assignments by individuals. In either case the assignee has no direct interest in whether or not a judgment is rendered against his assignor. He is concerned only when the property which he represents is attacked or sought to be appropriated. He may defend that when so attacked, for he is its guardian, but he is not the guardian of the person or the legal rights of his assignor. Appellant makes his contention upon the theory that the rendition of judgment against the assignor definitely establishes another claim to be paid out of the assigned estate, but this is not necessarily so. It cer-

tainly would not be so in case of a collusive judgment between the plaintiffs and the assignor, and aside from this danger we see no more reason to apprehend an unsuccessful defense, if conducted by the defendant itself, than if conducted by the assignee.

The facts set forth in the answer of the assignor and in the proposed answer of the assignee, as a defense on the merits, are substantially the same, and the record attorneys are the same, but, if this action should result in establishing *prima facie* evidence of another claim against the assigned estate, the assignee would still not have such a direct interest in the matter now in litigation as would entitle him to intervene. The language of Mr. Justice FIELD in Horn v. Water Power Co., 13 Cal. 62, has been so often quoted as to have become familiar: "The interest which entitles a party to intervene in a suit between other parties must be in the matter in litigation and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment." Now the matter in litigation here between the original parties is simply whether the defendant is indebted to the plaintiffs for goods. It is plain that this question—this "matter in litigation"—will be settled and ended by the judgment for one side or the other, but not until after that,—assuming that such judgment will be against defendant,— after the "matter in litigation" is thus adjudicated and definitely settled and closed, can any question occur which affects the trust of the assignee. It is plain, therefore, that appellant is not directly interested in the "matter in litigation." Whether the claim against the defendant thus established by the decision of the "matter in litigation" shall be paid from the assigned estate is another and an independent question. The principle involved is much like that in Lewis v. Lewis, (Minn.) 10 N. W. Rep. 586, where subsequent attaching creditors sought to intervene to defend a then pending action against their debtor, in which his property had also been attached, on the ground that the alleged cause of action in the first suit was fraudulent. The interveners there, as here, desired to prevent a judgment against the defendant, because they anticipated that such judgment would have to be paid out of property to which they were looking for payment of their claims, but

the court held that their interest was not the direct interest in the matter in litigation contemplated by the statute. See, also, as bearing upon this question, Gale v. Shillock, (Dak.) 30 N. W. Rep. 138, appealed to United States supreme court, and reported in 12 Sup. Ct. Rep. 674; Harlan v. Mining Co., 10 Nev. 92; Limberg v. Higginbotham, 11 Colo. 316, 18 Pac. Rep. 33. Whether or not in any case there might be extraordinary circumstances which would entitle an assignee to intervene in a purely personal action against his assignor, it is not necessary now to consider. No unusual facts are alleged here. The right is claimed by appellant solely on the ground that he is assignee. We think the action of the circuit court denying appellant's petition to intervene was right, and it is affirmed. All the judges concurring.