JACKSON, Appellant v. BOARD OF COUNTY COMMISSIONERS FOR PENNINGTON COUNTY et al., Defendants and FELLOWS, Intervener and Respondent

(81 N.W.2d 686)

(File No. 9592. Opinion filed March 6, 1957)
Rehearing denied July 31, 1957

**Hanley & Costello,** Rapid City, for Plaintiff and Appellant.

**H. F. Fellows,** and **Roswell Bottum,** Rapid City, for intervener and Respondent.

ROBERTS, J. Plaintiff in his complaint for writ of mandamus alleges that he is the owner of a tract of land having no access to a public highway; that the tract containing at least five acres is intended to be used for residential purposes; that on December 7, 1955, plaintiff made application to defendant commissioners of Pennington County to acquire an easement or right of way across adjacent land to reach a public highway, a copy of which application is attached to and made a part of the complaint describing the adjacent land over which a highway may be laid as owned by H. F. Fellows; and that the county board refused to proceed under the statute authorizing the acquiring of a right of way from an isolated tract to a public highway. An alternative writ of mandamus was issued commanding defendants to proceed by causing notices to be given, to lay out a right of way, assess the damages to the adjacent property, and otherwise perform the duties prescribed by statute or show cause why they have not done so. H. F. Fellows obtained leave to intervene. Defendants Collins, Whitehead and Ham served and filed affidavits purporting to be returns to the writ wherein they state that the premises in question abuts a section line; that plaintiff voluntarily isolated the tract, if the same be isolated, when he conveyed adjoining land without reserving a right of way thereto; and that said defendants voted to deny the application. Defendants Ellingson and MacVicar state in their affidavits served and filed herein that they voted in favor of a motion to proceed with the acquiring of a right of way in compliance with the request of the plaintiff.

Intervener moved for dismissal of the proceeding herein for the reasons that the statute upon which it is founded is unconstitutional and that the complaint fails to state a claim upon which relief can be granted. The issues were tried to the court, resulting in a dismissal of the proceedings upon the ground that the statute authorizing the laying out of a right of way over adjoining lands without the consent of the owner is unconstitutional.

SDC 28.0801 as amended by Ch. 101, Laws 1955, provides that every owner of an isolated tract "of land containing at least five acres used or intended to be used in

good faith in whole or in part for residential purposes is entitled to an easement or right of way across adjacent lands to reach a public highway." SDC 28.0802 provides that whenever an application is made by the owner of an isolated tract to the board of county commissioners to lay out a right of way the board "shall thereupon cause to be served upon the owner or owners" of the adjacent land "a notice in writing of a time when such board will visit such land and lay out one right of way across such surrounding land, and assess the damages therefor, which notice shall be served at least five days prior to the date set for such visit and appraisal." SDC 28.0803 provides that upon the day fixed for the visit and appraisal the board "shall proceed to the place named, shall lay out a right of way twenty-five feet in width from such isolated tract of land across surrounding lands to a public highway, and in so doing shall consider the convenience of the parties. Wherever it is practicable to do so, such board shall lay such right of way along a section line or the line of a government fractional subdivision of a section and they shall assess and determine the damage which such right of way is to the owner of the land across which it is laid, and they shall file with the county auditor a full report of all their proceedings in the premises, and the county auditor shall record the same in his record of highways." SDC 28.0804 provides that upon the payment of the sum assessed as damages or refusal of the owner of the land over which the right of way is laid to accept the amount deposited with the clerk of courts "the right of the owner of such isolated tract to the free use of said right of way shall be complete". The last section in the chapter, SDC 28.0807, gives to the owner of the land over which the right of way is laid a right of appeal to the circuit court from "the decision and assessment of damages".

Plaintiff contends that intervener has no such interest in this mandamus proceeding to compel the board of county commissioners to lay out a right of way and otherwise perform the duties prescribed by statute as to permit intervention; that the remedy by appeal is exclusive; and that intervener was not entitled to question the constitutionality of the statute. The constitutional question is not before us.

The sole question presented is whether or not the trial court properly granted leave to intervene.

SDC 33.0413 provides in part that upon timely application before trial "anyone shall be permitted to intervene in an action or proceeding who has an interest in the matter in litigation, in the success of either party, or an interest against both." This section does not limit the right to intervene to any particular kind or class of actions or proceedings. The word "proceeding" has reference to special proceedings provided by statute and includes every application to a court for a judicial remedy not comprehended in the term "action". SDC 33.0102(1). Mandamus is such a proceeding and Section 33.0413 is sufficiently broad to permit intervention therein when a proper showing under the statute is presented.

The right of a third party to intervene in a pending action or proceeding is not absolute, but may be permitted by leave of court when petitioner shows facts which satisfy the requirements of Section 33.0413. An intervener must thereunder have an interest in the matter in litigation, in the success of either of the parties or an interest against both. These provisions as stated in McClellan v. State, 27 S.D. 109, 129 N.W. 1037, had their origin in the territorial statutes (§ 90, C.C.Proc., Rev.Code 1877) and were first construed in Gale v. Frazier, 4 Dak. 196, 30 N.W. 138. The United States Supreme Court, Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 676, 36 L.Ed. 521, affirming the judgment of the territorial court, said: "These provisions of the Dakota Code above cited are found in the Codes of several of the states, and appear to have been originally adopted from Louisiana, wherein it is held by the supreme court, interpreting a similar section, that the interest which entitles a party to intervene must be a direct interest, by which the intervening party is to obtain immediate gain or suffer loss by the judgment which may be rendered between the original parties. Gasquet v. Johnson, 1 La. [425] 431. In Horn v. [Volcano] Water Co., 13 Cal. 62, [69] the supreme court of California had occasion to construe a similar provision of the Code of that state, and held, speaking through Mr. Justice Field, now a member of this court, that 'the interest

mentioned in the statute which entitles a person to intervene in a suit between other parties must be in the matter in litigation, and of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment. * * * To authorize an intervention, therefore, the interest must be that created by a claim to [the demand or some part thereof in suit,] or lien upon the property, or some part thereof, in suit, or a claim to or lien upon the property, or some part thereof, which is the subject of litigation.'" See also Yetzer v. Young, 3 S.D. 263, 52 N.W. 1054; McClurg v. State Bindery Co., 3 S.D. 362, 53 N.W. 424.

In 39 Am.Jur., Parties, § 61, the rule is stated as follows: "While the intervention statutes of the states differ, there is a general concurrence in the decisions that the interest which entitles a person to intervene in a suit between other parties must be in the matter in litigation and of such direct and immediate character that the intervenor will either gain or lose by the direct legal operation and effect of the judgment. The interest must be one arising from a claim to the subject matter of the action or some part thereof, or a lien upon the property or some part thereof; one whose interest in the matter of litigation is not a direct or substantial interest, but is an indirect, inconsequential, or contingent one, cannot intervene."

■ The interest must not only be direct rather than consequential, but must be such an interest as is proper to be determined in the proceeding in which the intervention is sought. Isaacs v. Jones, 121 Cal. 257, 53 P. 793, 1101; Jersey Maid Milk Products Co. v. Brock, 13 Cal.2d 661, 91 P.2d 599; Faus v. Pacific Electric Railway Co., 134 Cal.App. 2d 352, 285 P.2d 1017.

Plaintiff in his application filed with the county board and set forth in his complaint states that there is "no reasonably feasible and practicable location or site for easement or right of way for road access purposes" to his premises except across the land owned by intervener. SDC 28.08, as we have indicated, confers authority upon the county board, on proper application, to lay out a right of way from an isolated tract to a public highway and appraise the

damages to adjoining land when there is an offer by the applicant to pay the amount assessed as damages. The county board has no discretion in the matter and the basis of the present proceeding is that the board may be compelled by writ of mandamus to discharge the duties therein prescribed. The right of the owner of the isolated tract to use of the right of way under the express terms of the statute becomes complete either upon payment of the sum assessed as damages to the owner of the land over which the right of way is laid or deposit thereof with the clerk of courts if the owner refuses to accept payment. The argument advanced by intervener in this connection is that the matter in litigation is in effect a demand to lay out a right of way across his land and that the record at the time of the filing of his application disclosed an interest entitling him to intervene.

■■ The interest referred to in Section 33.0413 has a definite legal meaning as we have indicated. To entitle a third party to intervene in a pending suit he must have an interest in the matter about which the litigation is to be and of such direct and immediate character that intervener will either gain or lose by the direct operation and effect of the judgment; that is to say, he must have an interest which is proper to be determined therein. The matter in litigation in the present proceeding is whether or not there was legal justification for the refusal of the county board to perform certain duties specified by statute. As to the naked legal aspect of the right of plaintiff to an easement or right of way to his premises, intervener has no interest whatsoever. If the complaint for writ of mandamus did not allege a direct interest, the court would not have been concerned with the probable use of intervener's land for right of way. It is obvious that if there were two or more owners of land over which a right of way could have been located by the county board, an owner would have only a consequential interest in the probable use of his property if plaintiff prevailed. In La Mesa Lemon Grove & Spring Valley Irr. Dist. v. Halley, 195 Cal. 739, 235 P. 999, 1000, certain residents of an irrigation district sought to intervene in a mandamus proceeding brought by the district to com-

pel its officers to sign and attest certain bonds. The court said: "It is difficult to see how the petitioning interveners can gain or lose by any judgment which may be entered in that proceeding. If the writ be granted, the enforcement of the judgment would not directly affect their property interests. The bonds, when signed and attested, would not be a lien on their property, although, if thereafter sold, they may lead to the creation of a lien. * * * Nor would compliance with the writ, if issued, create a cloud upon their title." An intervener must ordinarily take a suit as he finds it. He may not broaden the scope or function of a mandamus proceeding. 55 C.J.S., Mandamus, § 254. Intervener herein, in other words, would not in the absence of the aforementioned allegation have stood in the position of one interested in the matter in litigation which would be directly and immediately affected by the operation of the judgment.

■■ Plaintiff brought the fact of the ownership and direct interest of intervener into the litigation. The situation is not one where intervener was permitted to inject a matter extraneous to the proceeding. The purpose of intervention is to obviate delay and multiplicity of suits by creating an opportunity to persons directly interested in the subject matter to join in an action or proceeding already instituted. No good reason appears why the claim of intervener should not have been adjudicated. The fact that intervener may have protected his right by pursuing another remedy is no reason for denying him the right to intervene. Taylor v. Bank of Volga, 9 S.D. 572, 70 N.W. 834. The court did not err in permitting intervention.

The judgment appealed from is affirmed.

SMITH, P. J., and RENTTO and HANSON, J.J., concur.

RUDOLPH, Judge (dissenting).

This is a mandamus action seeking to compel the County Commissioners to act upon the petition which plaintiff filed under the provisions of SDC 28.08.

The attempt here is to compel action by the Board. The Board might deny the petition or start proceedings under the statute. It would only be in the event that the Board started to establish a right of way across intervener's

land that intervener would become interested, but that is something for the future dependent entirely upon the action the Board might take.

In the case of In re McClellan's Estate, 27 S.D. 109, 129 N.W. 1037, this court held that two questions present themselves upon an application for intervention. First, what is the real matter in litigation? Second, has the intervener any such interest in the matter, of such direct and immediate character, that he will either gain or lose by the direct legal operation and effect of any judgment which may be entered? The real matter in litigation in this proceeding is simply to require some action by the Board. Should plaintiff be successful the only judgment which may be entered is one requiring action by the Board, not any particular action, but simply action of some character. The kind of action must be left to the Board. Such being the character of this proceeding I am convinced that intervener does not have such direct and immediate interest in the matter in litigation that intervention should be permitted. Commencing with the case of Gale v. Frazier, 4 Dak. 196, 30 N.W. 138, the rule announced in the McClellan case has been adhered to. It is my opinion that the present holding is a departure from that rule.