Zwingle *v.* Wilkinson.

ZWINGLE *v.* WILKINSON.

(*Nashville.* January 12, 1895.)

1. PAYMENT. *Recital of in deed.*

Recital in deed that consideration has been paid is only *prima facie* evidence of payment, and may be rebutted by proof. (*Post, p. 248.*)

2. VENDOR'S LIEN. *Exists when.*

A vendor's lien is implied by law, though none is expressly retained by contract, to secure the unpaid purchase price of lands sold and conveyed. (*Post, pp. 248, 249.*)

Cases cited and approved: Campbell *v.* Baldwin, 2 Hum., 248; Marshall *v.* Christmas, 3 Hum., 616; Fogg *v.* Rogers, 2 Cold., 290.

3. SAME. *Not waived or lost, when.*

The vendor's implied lien for the unpaid purchase price of land is not waived or lost by reason of a recital in the deed that the consideration has been paid, if, in fact, payment had not been made. (*Post, p. 249.*)

Cases cited and approved: Bentley *v.* Jordan, 3 Lea, 361; Baxter *v.* Washburn, 8 Lea, 16; Hill *v.* McLean, 10 Lea, 113.

4. SAME. *Same.*

The vendor's implied lien for the unpaid purchase price of land is not abandoned or lost where the note for same is, by agreement, made payable to a third person, instead of the vendor. (*Post, pp. 249–251.*)

Cases cited and approved: Moore *v.* Stovall, 2 Lea, 543; O'Conner *v.* O'Conner, 88 Tenn., 76; Trent *v.* Kyle, 1 Heis., 663; Whitehurst *v.* Yandall, 7 Bax., 228; Thompson *v.* Thompson, 3 Lea, 126; Hamilton *v.* Gilbert, 2 Heis., 682.

Cases cited and distinguished: Green *v.* Demoss, 10 Hum., 372; Thompson *v.* Pyland, 3 Head, 537.

Zwingle *v.* Wilkinson.

5. SAME. *Same.*

The vendor's implied lien for the unpaid purchase price of land is not lost or impaired by reason of judgment having been obtained for the amount due. (*Post, p. 251.*)

FROM WARREN.

Appeal from Chancery Court of Warren County. W. S. BEARDEN, Ch.

W. W. FAIRBANKS, S. T. O'NEAL, and WM. T. MURRAY for Complainant.

F. M. SMITH for Defendant.

CALDWELL, J. This is a suit in chancery for the enforcement of an alleged vendor's lien.

An epitome of the material allegations of the bill is as follows: That on November 15, 1888, M. V. Gribble sold and conveyed a certain tract of land in Warren County to the defendant, T. B. Wilkinson, for the consideration of $1,000, which the deed recited "was paid in hand;" that, in fact, only $633.75 were paid, and the vendee, by agreement of all parties concerned, executed his promissory note to A. J. Gribble, a creditor of the vendor, for the remaining $366.25; that A. J. Gribble sued Wilkinson upon the note, after maturity, and obtained judgment against him, before a Justice of the Peace, for the sum of $446.58, principal, interest, and

costs; that A. J. Gribble thereafter died, intestate, and the complainant, C. C. Zwingle, was duly appointed administrator of his estate; and,. finally, that the said judgment, which remains wholly unpaid, is an asset of that estate, and is a lien on the· said land, representing as it does a part of the purchase money. The defendant, answering, admitted all the facts alleged in the bill, but denied that either the note or the judgment was a lien on his land.

The Chancellor granted the relief sought by complainant, and the defendant appealed.

The recital in a deed that the consideration has been paid, like an ordinary receipt for money, is only *prima facie* evidence of payment, and, consequently, it may be rebutted by satisfactory proof to the contrary. The *prima facie* case made by such recital in the deed before us is effectually rebutted to the extent of $366.25 by the admission of the defendant in his answer. That the defendant still owes so much of the purchase money, with its interest, and that the same is due to the complainant as administrator, are facts fully admitted.

If the note for the $366.25 had been executed to M. V. Gribble, the vendor, and he were still the owner of the debt, there could be no question that he would have a lien on the land; for, whenever land is sold and conveyed, and the purchase price, or a part of it, remains unpaid, an equitable lien arises, by operation of law, in favor of the vendor. In every such case, though there be no stipulation

to that effect, the vendor is presumed to look to the land as security for his debt, unless it be shown that he has waived that right. *Campbell* v. *Baldwin*, 2 Hum., 448; *Marshall* v. *Christmas*, 3 Hum., 616; *Fogg* v. *Rogers*, 2 Cold., 290.

A statement in the face of the conveyance that the consideration has been paid is not a waiver of the vendor's lien, if, in point of fact, payment has not been made. 2 Story's Eq. Jur., Sec. 1225; 3 Lea, 361; 8 Lea, 16; 10 Lea, 113.

Can the fact that the note for the $366.25, balance of purchase money, was, by agreement, executed to a person other than the vendor, make any difference with respect to the equitable liability of the land for its payment? We think not, clearly. All the parties evidently intended that A. J. Gribble, to whom the note was given, should be placed in the situation of vendor with respect to it; and such was the legal effect of what was done. As to that part of the purchase money, all the rights of the real vendor inured to his benefit. It was not the case of a vendor transferring his vendee's note to another person, thereby suspending or extinguishing his equitable lien, as in *Green* v. *Demoss*, 10 Hum., 372; *Thompson* v. *Pyland*, 3 Head, 537, and other like cases; but the note was executed directly to A. J. Gribble, complainant's intestate, as if vendor, and nothing has since been done to impair his situation. He was the original payee, and from the first was entitled, as the actual vendor would have

been, to look to the land for the satisfaction of the note. The presumption of reliance upon the land as security for the debt, the personal obligation of the vendee, and the relation of the note to the land are precisely the same as they would have been if M. V. Gribble, the actual vendor, had been the payee of the note, and he had continued to be its owner.

It is competent for vendor and vendee of land to contract that the latter shall pay the purchase price, or a part of it, to some other designated person, and, when it is so agreed, such other person may enforce against the vendee such rights as it was intended he should have. *Moore* v. *Stovall*, 2 Lea, 543; *O' Conner* v. *O' Conner*, 88 Tenn., 76. So, where land is sold by title bond which provides that the whole or a part of the consideration shall be paid to a third person named, the legal title retained by the vendor inures to the benefit of that person, and he has a lien on the land for the sum required to be paid to him. *Trent* v. *Kyle*, 1 Heis., 663; *Whitehurst* v. *Yandall*, 7 Bax., 228.

A third person, to whom an absolute deed in fee, without reservation of lien, recites that a portion of the purchase money shall be paid, so far stands in the room and stead of the vendor himself as to have an equitable lien on the land for the amount designated. *Thompson* v. *Thompson*, 3 Lea, 126.

The principle controlling the last three cases is the same as that we have applied in the case at

bar, and the only difference between the last case and this one, upon their facts, is that in that one the obligation of the vendee to make payment to a third person was expressed in the deed, while in this one it is evidenced by a promissory note—a difference which we regard as wholly unimportant.

The case of *Hamilton* v. *Gilbert*, 2 Heis., 682, is even more like the present one. There the vendee, by request, executed two notes for parts of the purchase money to the daughter of the vendor. The Court, in a suit upon those notes, said: "By the execution of the notes to her, she is subrogated to the rights of the actual vendor, and  *  *  * stands in the same relation as if she had made the deed herself, and Gilbert, by executing the notes to her, is estopped to deny her equitable lien."

The lien of the note in the present case, though but an equitable one, was not lost or impaired by the suit and judgment before the Justice of the Peace; but the judgment, like the note, stands for the purchase money, and is secured by the same lien upon the land.

Though not discussed, or mentioned, in the opinion of the Court in *Hamilton* v. *Gilbert*, *supra*, this question was raised by the facts of that case, and must necessarily have been decided as it is here decided. There, as here, a bill in equity was filed, and a lien declared to exist after suit before a Magistrate.

Affirm.