## JOHN P. BRAY *vs.* L. E. BOOKER, *et al.*

Opinion filed October 18th, 1897.

**Vendor's Lien in Seller Only.**

> Only the seller of real property has a vendor's lien thereon for the unpaid purchase price. One to whom, with the vendor's assent, the vendee has agreed to pay a portion of the purchase money, cannot claim such a lien.

**Right of Intervention.**

> To entitle a party to intervene in an action, he must have, such a direct and immediate interest in the matter in litigation that he will either lose or gain by the direct legal operation and effect of the judgment.

**Third Party Cannot Intervene Upon Promise of Vendor.**

> The vendee agreed to pay a portion of the purchase price to a national bank, a creditor of the vendor. *Held*, that in an action by the vendor to enforce a vendor's lien for the unpaid purchase price, the receiver of such bank cannot intervene, because the bank has no lien itself on the property, and no interest in the vendor's lien thereon, and it will not be affected by any personal judgment which may be rendered against the vendee for the purchase price. The receiver of the bank, if he has a right to enforce against the vendee his promise to pay a portion of the purchase money to the bank, can still enforce such promise, whatever the decision in the present action may be. The only right which he has, if any, is an action at law upon the promise of the vendee to pay a portion of the purchase money to the bank.

Appeal from District Court, Grand Forks County; *Fisk*, J.

Action by John P. Bray against L. E. Booker and others. From an order denying him leave to intervene, E. C. Tourtelot, receiver of the Grand Forks National Bank, appeals.

Affirmed.

*Burke Corbet*, for appellant.

Where the debt is assigned as collateral security or while the vendor continues to have an interest in the payment, the lien continues and can be enforced by the assignee. *Hallock* v. *Smith*, 3 Barb. 267; *White* v. *Williams*, 1 Paige 502; *Crawley* v. *Riggs*, 24 Ark. 563; *Carlton* v. *Buckner*, 28 Ark. 66; *Zwingle* v. *Wilkinson*, 28 S. W. Rep. 1096; *Moore* v. *Stovall*, 2 Lea 543; *Thompson* v. *Thompson*, 3 Lea 126; *Hamilton* v. *Gilbert*, 2 Heisk 682. The assignment of a note for purchase money without recourse but as collateral

security carries the lien in Alabama though an absolute transfer without recourse would not. *Plowman* v. *Riddel*, 48 Am. Dec. 92. So if a third person furnish the purchase money he is entitled by subrogation to a vendor's lien and can enforce it. *Carey* v. *Boyle*, 56 Wis. 145, 11 N. W. Rep. 47, 14 N. W. Rep. 32; *Bemis* v. *First Nat. Bank*, 40 S. W. Rep 127. The lien exists in favor of a third person to whom the vendee at vendor's request has agreed to pay a portion of the purchase money. Jones on Mort's. § 214: *Francis* v. *Wells*, 2 Colo. 660, 28 Am. & Eng. Enc. L: 169 n. 3; *Woodall* v. *Kelley*, 7 Am. St. Rep. 57, 5 So. Rep. 164; *Whitzel* v. *Roberts*, 31 Ohio St. 503; *Tyson* v. *Wabash R. R. Co.*, 15 Fed. Rep. 763; Jones on Liens, § 1094; Story's Eq. § 1244. It is conceded in this case that part of the purchase price was agreed to be paid to the Grand Forks National Bank, therefore its receiver is entitled to intervene. *Plowman* v. *Riddel*, 14 Ala. 169, 48 Am. Dec. 92.

*Cochrane & Feetham*, for Booker filed no brief.

*Charles F. Templeton* and *Tracy R. Bangs*, for respondent.

The weight of authority is to the effect that the right to an implied lien is personal to the vendor. Pom. Eq. Jur. § 1254. The vendor does not claim a contract lien. *Gessner* v. *Palmater*, 26 Pac. Rep. 789; *Mitchell* v. *Butt*, 45 Ga. 162; *Latham* v. *Staples*, 46 Ala. 462. In this state only the seller of real property is entitled to an implied vendor's lien, § 4830 Rev. Codes. *Avery* v. *Clark*, 25 Pac. Rep. 919. Intervenor holds the obligation of Mr. Bray for his whole indebtedness. The buyer of the real property was Kate E. Booker. No one is entitled to a lien who holds the obligation of any person other than the buyer for the same debt. Section 4830 Rev. Codes; *Maroney* v. *Boyle*, 36 N. E. Rep. 511. The facts set forth in the complaint of intervention do not show the intention of Bray and Booker to secure to the bank any special benefit by this agreement. *Nat. Bank* v. *Grand Lodge*, 98 U. S. 123; *Sayward* v. *Dexter*, 72 Fed. Rep. 758; *Am. Exc. Nat. Bank* v. *N. P. Ry. Co.*, 76 Fed. Rep. 130; *Austin* v. *Seligman*, 18 Fed. Rep. 519; *Kountz* v. *Holthouse*, 85 Pa. St. 235; *Crandall* v.

*Payne*, 39 N. E. Rep. 601; *Greenwood* v. *Sheldon*, 31 Minn. 254; *Simson* v. *Brown*, 68 N. Y. 355; *Ætna Nat. Bank* v. *Bank*, 46 N. Y. 82; *Garnsey* v. *Rogers*, 47 N. Y. 233; *Hoffman* v. *Schwabe*, 33 Barb. 194. Section 1559 Civil Code, California, is the same as § 3840 Rev. Codes, and is construed *Chung Kee* v. *Davidson*, 15 Pac. Rep. 100, in harmony with this contention. *Railroad Co.* v. *Curtiss*, 80 N. Y. 222. Even though appellant could have brought an action against Booker he cannot intervene. Section 5239, Rev. Codes, does not authorize an intervention under the facts of this case. *Horn* v. *Volcom Water Co.*, 13 Cal. 62; *Gale* v. *Shillock*, 30 N. W. Rep. 138, 4 Dak. 182; *Smith* v. *Gale*, 144 U. S. 509; *Netzer* v. *Young*, 52 N. W. Rep. 1054; *McClurg* v. *State Bindery Co.*, 53 N. W. Rep. 428. The order appealed from was discretionary and not reviewable. *Gale* v. *Shillock*, 4 Dak. 182; *Smith* v. *Gale*, 144 U. S. 509.

CORLISS, C. J. This is a suit in equity to foreclose a vendor's lien for the purchase price of a house and lot conveyed by the plaintiff to the defendant Kate E. Booker. The purchase price was $8,000. A portion of this was to be paid by the defendant L. E. Booker, husband of Kate E. Booker, not to Bray himself, but to his creditor, the Grand Forks National Bank. Just what portion is in dispute. The plaintiff admits that $3,000 of the sum was to be paid in this way, and claims that the balance was to be paid to himself. Neither the purchaser nor her husband has paid any part of the purchase money. Tourtelot, as receiver of the Grand Forks National Bank, attempted to intervene in the case, basing his right to do so upon the claim that he, as such receiver, is equitably entitled to enforce such vendor's lien to the extent of the sum agreed to be paid to the bank by the purchaser, or rather by her husband. While the title to the property was taken in the name of his wife, the defendant Booker himself is the one who agreed to pay the purchase price therefor. The District Court refused to permit the complaint in intervention to be filed, and from the order denying the application to file the same the appeal before us is taken.

The plaintiff in the attempted intervention avers that more than $6,000 of the purchase price was to be paid to the bank, while the plaintiff in the action concedes that $3,000 thereof was to be so paid. Whether the plaintiff will ultimately succeed in establishing a vendor's lien is, of course, immaterial on this appeal. He is attempting to do so, and the plaintiff in the intervention complaint has a right to intervene, and join with him in this effort to establish a lien, provided the facts show that he is entitled to a portion thereof. On his own showing he is not entitled to enforce the lien for the full amount. At most he can claim the right to only a portion thereof. Fortunately we are not compelled, in deciding this case, to wander bewildered through the labyrinth of adjudication on the subject of vendor's liens. The matter is regulated in this state by statute. Our statutes purport to cover the whole field. Rights which they do not confer do not exist. In the first place, it is settled by our legislation that a vendor has a lien for the unpaid purchase money. In some states this right is not recognized. Section 4830, Rev. Codes, says: "One who sells real property has a special or vendor's lien thereon, independent of possession, for so much of the price as remains unpaid and unsecured otherwise than by the personal obligation of the buyer." It is apparent from the language of this statute that it restricts the right to the one who sells. Therefore we are not called upon to express any opinion whether it is a sound doctrine of law that one to whom the vendee has agreed to pay a portion of the purchase price can enforce such lien. See *Tysen* v. *Railway Co.*, 15 Fed. Rep. 763; *Thompson* v. *Thompson*, 3 Lea, 126; *Zwingle* v. *Wilkinson*, 94 Tenn. 246, 28 S. W. Rep. 1096; *Francis* v. *Wells*, 2 Colo. 660; Jones, Mortg. § 214; 28 Am. & Eng. Enc. Law, 169, note 3. He cannot, under our statute, because its plain language is that the lien is given to the one who sells, and the implication is that no one else is entitled to such a lien. Our statutes were intended to clear up the law on the subject of vendor's liens in this state, and cover the whole ground. They

settle the mooted questions whether a lien exists in such a case, when it is waived, whether it can be assigned, and the person who may claim it. That person is the seller himself, and no one else. Even if we should hold that the assignee of the claim for the purchase money in a case where there was no written contract given by the seller in payment of the property could enforce the lien, the plaintiff in the intervention complaint would not be entitled to any portion of the lien in this case, for the simple reason that he is not the assignee of the claim for the purchase money, or any part thereof. Bray has never transferred to him or to the bank he represents the right to receive any portion of the purchase money. He is not an assignee of a portion thereof, in any sense. His rights are those of the bank, and all the bank can claim is the right to enforce the contract made between Booker and Bray, under which Booker was to pay a portion of the purchase money to the bank instead of to Bray. Rev. Codes, § 3840. If the receiver has any rights, it is not as assignee, but under the contract by which Booker promised Bray that he would pay a portion of the purchase price to the bank. This is an original promise. The right is not a right which the bank has purchased. It springs out of a promise which the bank or its receiver may be entitled to enforce, although not made to it, but only to another for its benefit. It is not the right of an assignee, and cannot be assimilated thereto. If we assume that the receiver can enforce this promise, still he is not entitled to any portion of the vendor's lien. The promise is to pay the bank a certain sum of money. This is the only promise which can be enforced. Booker did not, by this promise, agree to give the bank a lien. He merely contracted to pay the bank a portion of the purchase money. Moreover, our statute settles the question. It is only the seller who has the lien. A third person, to whom the purchaser has agreed to pay a portion of the purchase money, is not within the language of the statute, and we have no power to legislate. Our conclusion that the receiver has no interest in the alleged lien of the plaintiff is fatal to the receiver's right to

intervene. The action is to foreclose this lien. If the plaintiff fails, he cannot, in this form of action, have a personal judgment against the defendant for the amount of the purchase price. *Burroughs* v. *Tostevan*, 75 N. Y. 567; *Dudley* v. *St. Francis Congregation,* (N. Y. App.) 34 N. E. Rep. 281. Whether he would be allowed to amend, changing entirely the character of the action, we need not now decide. There can, therefore, be no recovery in this case, in its present form, of a judgment against the defendant for the purchase money, and it is only in the purchase money that the receiver can pretend to have any interest, he having no right to the lien itself. At most he can claim that, as between him and Bray, a portion of the purchase money should be paid to him as receiver; but, even if it were the law that plaintiff, although failing to establish his lien, could have a general judgment against the defendant, we still would be clear that the receiver could not intervene. He has no possible interest in the result of this action. If Booker has, by the promise to pay the purchase money to the bank, rendered himself liable to the bank and to the receiver thereof, he will be none the less liable after Bray has recovered a judgment against him for the full amount of the purchase price. If Bray has agreed to take in part payment the promise of Booker to pay the debt of Bray to the bank under circumstances such that Booker has thereby rendered himself liable to the bank, then Bray cannot recover of Booker a personal judgment for this sum as purchase money, although Booker would, by his failure to pay the money, followed by Bray's payment thereof, subject himself to an action for damages for breach of his contract. In a case of that kind the vendor expressly agrees that he is not himself to receive a portion of the purchase price, but accepts the promise of the vendee to pay it to the verdor's debtor. If that promise renders the promisor liable to the third person, then it would seem that the promisee must have intended to accept it in payment of the purchase money to that extent. He cannot be regarded as having intended that the purchaser should become liable to a third person for a portion of the

purchase money, and yet remain liable to him for the same portion thereof. Of course, if the purchaser violates his agreement, and the vendor actually pays to the third person the sum the purchaser agreed to pay, the latter is liable for the damage he has caused the vendor by breaking his contract. We are now speaking only of a case where the promise to pay the third person subjects the vendee to liability to him, and not of a case where his promise creates no such liability. But the receiver in this case has no interest in the question how large a personal judgment Bray shall recover from Booker. If Booker does not see fit to protect himself by insisting on his rights, but allows Bray to recover the full purchase price, although he, Bray, has not paid the debt to the bank which Booker agreed to pay, this will furnish no defense to an action by the receiver upon the promise of Booker to Bray to pay the bank a portion of the purchase money. As the receiver has no lien, and no interest in the plaintiff's vendor's lien, and as he is not in the least interested in the amount of the personal judgment which plaintiff may recover against defendant, and can claim no portion thereof (his right, if any, being that of a person for whose benefit a promise has been made to a third person; a right which will not be in any manner affected by the amount of the personal judgment recovered by Bray against Booker,) it follows that the receiver has no such direct and immediate interest in the matter in litigation as entitles him to intervene under our statute. Rev. Codes, § 5239. The receiver will not loose any right by the direct legal operation and effect of the judgment in this case. Nor has he any interest in the plaintiff's lien or plaintiff's claim for money against Booker. His rights are entirely distinct from the plaintiff's. They rest solely upon the promise of Booker. Whether Bray establishes his lien or not, whether he recover judgment against Booker for the whole or only a portion of the purchase money, Booker will still be liable on his promise to the bank if he is in fact liable on it at all, and the receiver of the bank can, without reference to the result in this case, enforce such liability. This is all the right

which the bank has ever had against Booker in this transaction on the view of the case most favorable to it. What business, then, has it or its receiver to intermeddle with the plaintiff in a suit in which such plaintiff can secure only those rights which are distinctly his. That the receiver has no right to intervene under our statute is settled by an abundance of authority. *Horn* v. *Water Co.*, 13 Cal. 62; *Harlan* v. *Mining Co.*, 10 Nev. 92; *Gale* v. *Shillock*, 4 Dak. 196, 30 N. W. Rep. 138; *Smith* v. *Gale*, 144 U. S. 509, 12 Sup. Ct. 674; *Yetzer* v. *Young*, 3 S. D. 263, 52 N. W. Rep. 1054; *McClurg* v. *Bindery Co.*, 3 S. D. 362, 53 N. W. Rep. 428; *Bennett* v. *Whitcomb*, 25 Minn. 148; *Lewis* v. *Harwood*, 28 Minn. 428, 10 N. W. Rep. 586; *Dennis* v. *Spencer*, 51 Minn. 259, 53 N. W. Rep. 631; *Steenerson* v. *Railway Co.*, 60 Minn. 461, 62 N. W. Rep. 826.

The order refusing to allow the receiver to intervene is affirmed. All concur.