**CITIZENS' STATE BANK OF CROSS PLAINS, TEX., v. CLARK et al.**

No. 7429.

Circuit Court of Appeals, Fifth Circuit.

Feb. 13, 1935.

Dallas Scarborough, of Abilene, Tex., for appellant.

Louis C. Penry, of Fort Worth, Tex., for appellees.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought suit in a state court against C. O. Moore on his promissory note for $6,866.20, given to the First State Bank of Cross Plains, Tex., to the business and assets of which appellant had succeeded. An attachment was levied on an oil and gas lease of 80 acres of land in Pecos county, Tex. Moore had transferred the lease to A. R. Clark prior to the institution of the suit. By a first amended petition, Clark was made a party defendant and cancellation of the transfer was sought, on the ground that it was without consideration and in fraud of creditors. Moore and Clark were residents of Missouri, and service of process was made on them in that state. Clark removed the suit to the federal court. Moore has never been personally served nor made any appearance. On the day of trial, appellant filed a second amended petition in which it alleged that Moore had assumed a note owing to the First State Bank of Cross Plains by his vendor, E. M. Curry, as part of the purchase price of the lease, and had given the note sued on in renewal and extension thereof. Curry's note was also declared on and a vendor's lien on the lease as securing Moore's note was claimed. Curry was not made a party to the suit, and this was the first time it was suggested appellant was entitled to an equitable lien.

As appears from a memorandum opinion[1] in the record, the District Court reached the conclusion that appellant was entitled to judgment against Moore but, since he had not been served with proc-

ess in Texas, there could be no personal judgment against him. To that extent, the suit was dismissed without prejudice. The District Court further concluded that appellant had failed to sustain the burden of proving that the transfer from Moore to Clark was fraudulent; and that appellant was not entitled to an equitable lien on the lease. Judgment was entered accordingly in favor of Clark and against appellant. This appeal followed. The errors assigned run merely to the conclusions of the District Court.

Appellant submitted the case on the testimony of E. M. Curry and A. R. Clark, whom it called as witnesses, together with the two notes and extracts from the two transfers of the lease. No other evidence appears in the record. The transfers of the lease to Moore from Curry and to Clark from Moore each recited the consideration as $10 paid and other valuable consideration. They were properly recorded, and no mention was made of a lien in either. Nor was there any recital in Moore's note showing it to have been given in connection with the transfer of the lease.

Curry testified, in substance, that he sold the lease to Moore in consideration of $7,500 in cash, and the assumption of his note for $6,468.95 owing to the First State Bank; that he refused to deliver the assignment to Moore until the bank agreed with him that it would accept Moore's note, release him from all liability, and look only to Moore for payment; that he was not concerned about whether Moore paid the note, as he was discharged; that he never contemplated a lien to secure Moore's promise to pay his note; and that nothing was said about any lien.

Clark testified, in substance, that there was a producing well on the property from which he received about $50 per month; that after the assignment was made to him Moore did not receive anything from the property; that he had been associated with Moore, for about two years and prior thereto he was employed by Moore for about one year and a half in a confidential capacity; that he was familiar with the transaction between Curry and Moore regarding the assignment of the lease; that he had received no salary for his services but Moore had given him a demand note for $5,000, about six months prior to transferring the lease; that he paid Moore $1,200 in cash and canceled the $5,000 note in full payment

for the lease; that at the time Moore made the assignment he had other property in Texas worth approximately $300,000; that he disposed of about half and still owned the other half, the most part of which consisted of an interest in a manufacturing plant in Fort Worth, Tex., for which he had paid $150,000 cash in 1930; that the plant owed only for current operating expenses.

There was no evidence at all tending to rebut the testimony of Curry and Clark. It was not shown that Moore was at any time insolvent or that he owed any debts except his note held by appellant.

■ It is a general rule that a vendor of land has a lien upon it for unpaid purchase money that may be enforced in equity against the vendee, and those holding under him, except bona fide purchasers without notice, and the lien may be assigned. The lien arises merely from the sale, but it is personal to the vendor, may be waived, and an assignment of it depends upon an agreement, express or implied. The general rule obtains in Texas.

■ In support of its contention that, where a pre-existing debt of the vendor has been assumed as part of the purchase price, the creditor is entitled to enforce the vendor's lien, appellant relies upon the following Texas cases: Pinchain v. Collard, 13 Tex. 333, 336; Irvin v. Garner, 50 Tex. 48; Joiner v. Perkins, 59 Tex. 300; Zwingle v. Wilkinson, 94 Tenn. 246, 28 S. W. 1096; Burton-Lingo Co. v. Standard (Tex. Civ. App.) 217 S. W. 446; Davis v. Huff (Tex. Civ. App.) 288 S. W. 267. Other authorities are also cited but need not be referred to as a decision must be rested on the law of Texas. Slide & Spur Gold Mines v. Seymour, 153 U. S. 509, 14 S. Ct. 842, 38 L. Ed. 802. The above-cited cases sustain the contention as in each of them the intention to preserve and assign the lien was clearly shown. However, they are not necessarily controlling in this case. Whether a lien existed, had not been waived, and had been assigned to the First Texas Bank depends upon the intention of the parties, to be ascertained from the facts and circumstances of the case. Cordova v. Hood, 17 Wall. 1, 21 L. Ed. 587; Irvin v. Garner, supra.

■ It may be conceded that, because of his confidential relations with Moore, Clark is not to be considered a purchaser without notice. And it is certain that the assumption of Curry's note was part of the consideration for the sale. However, appellant was not entitled to a lien arising merely from the transaction. If it had loaned the money to Moore for the purpose of making the purchase, a somewhat analogous situation, it would not be entitled to a vendor's lien, in the absence of an agreement to that effect. Ruhl v. Kauffman & Runge, 65 Tex. 723.

It is clear that there was complete novation as to Curry's note and the bank accepted Moore as its debtor in his place and stead, relieving Curry entirely. As to him, the purchaser had paid the consideration in full. Curry's note was unsecured. It is a reasonable presumption that the bank was satisfied to accept Moore's unsecured note in its stead. This is strengthened by the belated assertion of the lien, clearly an afterthought. Curry's testimony leaves no doubt that he had no intention of retaining a lien, waived it, and did not assign it to the bank. The cases cited by appellant are not in point as applied to the facts in this case.

■ The fact that Moore gave Clark a demand note for a large lump sum, instead of paying him for his services as they were rendered, might create a suspicion as to the bona fides of the subsequent assignment of the lease to Clark. But mere suspicion is not enough to show fraud.

The District Court saw and heard both Curry and Clark as witnesses. It must be assumed that if he felt justified in rejecting all or any part of their testimony he would have done so. On the case presented by the record we agree with the conclusions of the District Court.

The case presents no reversible error.

Affirmed.