IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 14, 2006 Session

## JOHN JUDE v. FRED K. RIDDLE, ET AL.

**Appeal from the Chancery Court for Hickman County**
**No. 01-314C      Timothy L. Easter, Judge**

———————————

**No. M2005-01331-COA-R3-CV - Filed on October 9, 2006**

———————————

In this appeal, landowner sued builder alleging that the parties had entered into a partnership and an oral contract to construct a house on property belonging to landowner. Landowner claimed that builder failed to pay him the total consideration for the sale of the land after landowner deeded the property to builder and that builder failed to equally divide the profits from the sale of the improved property once the house was sold. Builder denied the existence of a partnership and oral contract, alleged that the lot had been paid for in full, and claimed that landowner had no interest in the property or the proceeds from the sale of the improved property. The trial court found that a partnership and oral contract existed between the parties and awarded landowner the balance on the sale of the land and one-half of the profits from the sale of the improved property. We affirm the judgment of the trial court in all respects.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., J., and JON KERRY BLACKWOOD, SR.J., joined.

Jerred A. Creasey, Dickson, Tennessee, for the appellants, Fred K. Riddle and Sweet Home Builders, Inc.

Joseph L. Lackey, Jr., Nashville, Tennessee, for the appellee, John Jude.

### OPINION

On December 27, 2001, Mr. John Jude filed a complaint against Mr. Fred Riddle and Sweet Home Builders, Inc., a company incorporated by Mr. Riddle, alleging that he and Mr. Riddle had entered into a partnership and an oral contract for the construction and sale of a house in Hickman County, Tennessee. Mr. Jude claimed that he agreed to sell Mr. Riddle a lot for $15,000.00 and in return, Mr. Riddle agreed to construct a house thereon and split the profits from the sale of the house equally. According to Mr. Jude, Mr. Riddle made a $6,000.00 down payment on the lot and the parties agreed that the $9,000.00 balance would be paid at closing when the improved property was sold. A house was thereafter constructed on the land with the help of Mr. Jude, Mr. Jude's son, and

Mr. Jude's equipment. However, at the time the house was sold, Mr. Riddle did not inform Mr. Jude of the sale, the time or place of the closing of the sale, or the amount of the sale.

Mr. Jude thereafter filed the instant action seeking the establishment of an oral partnership, the $9,000.00 balance owed on the lot, and one-half of the profits from the sale of the improved property. In his answer, Mr. Riddle denied the existence of a partnership with Mr. Jude, alleged that the lot had been paid for in full as stated per the terms of the warranty deed, and claimed that Mr. Jude had no interest in the property or the proceeds from the sale of the improved property. After a bench trial, the court found that there was clear and convincing proof that the parties had entered into a partnership and an oral contract. The court awarded Plaintiff the $9,000.00 balance owed on the sale of the lot and $7,094.84 which represented one-half of the profits from sale of the improved property. Defendants appeal claiming that the trial court erred in (1) allowing parol evidence to contradict the warranty deed; (2) finding the existence of a partnership between the parties; and (3) finding that there was an oral contract between Mr. Jude and Mr. Riddle.

The standard of review in a bench trial is well settled. The trial court's findings of fact are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise. *In re Estate of Walton v. Young,* 950 S.W.2d 956, 959 (Tenn.1997). Great weight is also afforded to the trial court's factual findings that rest on credibility determinations. *In re Estate of Walton,* 950 S.W.2d at 959. However, the presumption of correctness only applies to findings of fact, not to conclusions of law, therefore, we review the trial court's resolution of legal issues without a presumption of correctness below. *Knox County Educ. Ass'n v. Knox County Bd. of Educ.,* 60 S.W.3d 65, 71 (Tenn.Ct.App.2001).

I.

The first issue Defendants raise on appeal concerns whether the trial court erred in allowing Plaintiff to testify as to the consideration paid for the property when Plaintiff's testimony contradicted the express terms of the warranty deed. According to the warranty deed, Defendants paid Mr. Jude the entire sales price of the property at the time of the conveyance. The warranty deed provided:

> FOR AND IN CONSIDERATION of the sum of FIFTEEN THOUSAND AND 00/100 ($15,000.00) DOLLARS, Cash in Hand paid by SWEET HOME BUILDERS, INC., and other good and valuable consideration, the receipt of all of which is hereby acknowledged, we, JOHN DEAN JUDE and wife, PATRICIA ANN JUDE, have bargained and sold, and by these presents do transfer and convey unto the said SWEET HOME BUILDERS, INC., their heirs and assigns, a certain tract or parcel of land as follows:

However, over Defendants' objection, Plaintiff testified that Mr. Riddle only paid him $6,000.00 at the time of the conveyance and the parties agreed that the remaining $9,000.00 would be paid to Mr. Jude after the improved property was sold.

"The law is well settled that all evidence of verbal negotiations and stipulations anterior to or contemporaneous with the execution of a written instrument which contradict, alter or vary the terms of the written instrument is barred by the parol evidence rule," *Marron v. Scarbrough*, 314 S.W.2d 165, 181 (Tenn.Ct.App.1958), and "courts customarily decline to consider parol evidence that adds to, varies, or otherwise contradicts the language of the deed." *Mitchell v. Chance*, 149 S.W.3d 40, 44 (Tenn.Ct.App.2004). However, in *Zwingle v. Wilkinson*, 28 S.W. 1096 (Tenn.1895), with facts substantially similar to the instant case, the Tennessee Supreme Court determined that the recital in a deed that consideration has been paid may be rebutted by evidence to the contrary.

In *Zwingle*, landowner sold and conveyed a tract of land to defendant for the consideration of $1,000.00, which the deed recited "was paid in hand" but in fact, only $633.75 was paid and a promissory note was executed for the remaining $366.25. *Zwingle*, 28 S.W. at 1096. The Court determined that although the deed clearly stated that consideration for the sale of the land was paid in full, plaintiff was permitted to contradict the terms of consideration contained in the deed with defendant's admission that he in fact executed the promissory note for the balance of the consideration. *Zwingle*, 28 S.W. at 1096. The Court stated, "The recital in a deed that the consideration has been paid, like an ordinary receipt for money, is only prima facie evidence of payment; and, consequently, it may be rebutted by satisfactory proof to the contrary." *Zwingle*, 28 S.W. at 1096.

Likewise, in *Harkins v. Wells*, 13 Tenn.App. 299, 301 (Tenn.Ct.App.1931), landowner executed a deed to defendant upon his promise to later pay her $1,000.00 and provide her with a note for the $800.00 balance. Landowner claimed that although the deed stated, "for consideration of $1800 in hand paid", defendant failed to pay her any consideration for the property. *Harkins*, 13 Tenn.App. at 302. The court set aside the deed after allowing landowner to contradict the recital contained in the deed which stated that consideration was paid in full. *Harkins*, 13 Tenn.App. at 304. The court explained:

> The true consideration paid or promised in a deed can be shown to have been other than that received in the instrument, or the fact of payment of the consideration agreed upon may be contradicted in an action for its recovery. McGannon v. Farrell, 141 Tenn., 631, 214 S. W., 432. The fact that the complainant alleged that the consideration had not been paid does not alter or contradict the legal import of the deed. [Landowner] was simply alleging the fact that the consideration had not been paid, and the statement in the face of the county and that the consideration has been paid is not a waiver of vendor's lien, if, in point of fact, payment has not been made. The recital in a deed that the consideration has been paid, like an ordinary receipt for money, is only prima facie evidence of payment and, consequently, it may be rebutted by certain proof to the contrary. Zwingle v. Wilkerson, 94 Tenn., 246. And where a deed shows on its face that the consideration has been paid will not estop the grantor from showing the truth and that such a recital is not true in that the full consideration has not been paid. Baxter v. Washburn, 8 Lea, 16; Boshwitz v. Lawhorne, 131 Tenn., 706.

*Harkins*, 13 Tenn.App. at 304.

Based upon the longstanding case law in Tennessee, we find that the trial court properly allowed Mr. Jude to testify that consideration for the property had not been paid in full even though the testimony was contradictory to the recitation of consideration contained in the warranty deed itself.

II.

Defendants next argue that the trial court erred in finding that a partnership existed between Mr. Jude and Mr. Riddle. In *Bass v. Bass*, 814 S.W.2d 38 (Tenn.1991), the Supreme Court explained what constitutes a partnership in Tennessee.

In Tennessee, a partnership is defined as an association of two or more persons to carry on as co-owners a business for profit, T.C.A. § 61-1-105(a), and the receipt of a share of the profits of that business is prima facie evidence that a partnership exists, T.C.A. § 61-1-106(4). In determining whether one is a partner, no one fact or circumstance may be pointed to as a conclusive test, but each case must be decided upon consideration of all relevant facts, actions, and conduct of the parties. *Roberts v. Lebanon Appliance Service Co.,* 779 S.W.2d 793, 795 (Tenn.1989). If the parties' business brings them within the scope of a joint business undertaking for mutual profit-that is to say if they place their money, assets, labor, or skill in commerce with the understanding that profits will be shared between them-the result is a partnership whether or not the parties understood that it would be so. *Pritchett v. Thomas Plater & Co.,* 144 Tenn. 406, 232 S.W. 961, 969-70 (1921).

Moreover, the existence of a partnership depends upon the intention of the parties, and the controlling intention in this regard is that ascertainable from the acts of the parties. *Wyatt v. Brown,* 39 Tenn.App. 28, 281 S.W.2d 64, 67 (1955). Although a contract of partnership, either express or implied, is essential to the creation of partnership status, it is not essential that the parties actually intend to become partners. *Wyatt,* 281 S.W.2d at 67. The existence of a partnership is not a question of the parties' undisclosed intention or even the terminology they use to describe their relationship, nor is it necessary that the parties have an understanding of the legal effect of their acts. *Roberts,* 779 S.W.2d at 795-96. It is the intent to do the things which constitute a partnership that determines whether individuals are partners, regardless if it is their purpose to create or avoid the relationship. *Wyatt,* 281 S.W.2d at 67. Stated another way, the existence of a partnership may be implied from the circumstances where it appears that the individuals involved have entered into a business relationship for profit, combining their property, labor, skill, experience, or money.

814 S.W.2d at 41 (footnote omitted).

Upon a review of the record, we believe that the evidence amply supports the trial court's determination that Mr. Jude and Mr. Riddle entered into a partnership for the construction and sale

-4-

of the house at issue. It was undisputed that Mr. Jude and his son provided their labor and skill in the construction of the property, using their own equipment and receiving no compensation for their work. Mr. Jude also personally paid for temporary electrical service to be installed on the property in his name and he had a key which provided him access to the exterior and interior of the home. However, the most compelling evidence of partnership came from the testimony of Mr. Thomas Gardner, one of the subcontractors employed in the construction of the home. Mr. Gardner testified that Mr. Riddle admitted to him on multiple occasions that Mr. Jude was his partner. Mr. Jude and Mr. Riddle were later jointly sued by Mr. Gardner for unpaid construction work performed on the property. After a judgment was entered against them both in general sessions court, Mr. Jude and Mr. Riddle went to speak with an attorney about appealing the case to circuit court. At no time during this dispute did Mr. Riddle allege that Mr. Jude was not his partner.

Whether a partnership exists under conflicting evidence is a question of fact, *B & S Enter. v. Rowland*, No. E2003-00458-COA-R3-CV, 2004 WL 115162, at *1 (Tenn.Ct.App. Jan.26, 2004), and "where the issue for decision depends on the determination of the credibility of witnesses, the trial court is the best judge of the credibility and its findings of credibility are entitled to great weight." *Royal Ins. Co. v. Alliance Ins. Co.*, 690 S.W.2d 541, 543 (Tenn.Ct.App.1985). "This is true because the trial court alone has the opportunity to observe the appearance and the demeanor of the witnesses." *Royal Insurance Co.*, 690 S.W.2d at 543. In this case, the trial court specifically found Mr. Jude and Mr. Gardner's testimony credible and we cannot say that the evidence preponderates against the court's findings.

III.

Defendants finally challenge the trial court's finding that the parties entered into an oral contract for the construction and sale of the house. "It is well established that a contract can be express, implied, written, or oral, 'but an enforceable contract must result from a meeting of the minds in mutual assent to terms, must be based upon sufficient consideration, must be free from fraud or undue influence, not against public policy and must sufficiently definite to be enforced.'" *Thompson v. Hensley*, 136 S.W.3d 925, 929-30 (Tenn.Ct.App.2003) (quoting *Klosterman Dev. Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 635 (Tenn.Ct.App.2002)).

Here, Defendants argue that the evidence preponderated against the trial court's finding that an oral contract existed because there was no writing evidencing the agreement, there was no consideration for the agreement, and there was no mutual assent. However, during the bench trial, the court had the ability to assess the demeanor and credibility of the witnesses. The parties presented conflicting versions of whether there was an oral agreement to construct the house and spilt the profits from the sale thereof. After hearing the evidence, the trial court specifically found Mr. Jude and Mr. Gardner's testimony credible and determined that an enforceable oral contract existed between the parties. "[A]ppellate courts will not re-evaluate a trial judge's assessment of witness credibility absent clear and convincing evidence to the contrary." *Wells v. Tenn. Bd. of Regents*, 9 S.W.3d 779, 783 (Tenn.1999). After reviewing the record, we conclude that the evidence does not preponderate against the trial court's conclusion that the parties entered into an oral contract for the construction and sale of the house. Accordingly, the judgment of the trial court is affirmed

in all respects and costs of appeal are assessed against Appellants.

_____

WILLIAM B. CAIN, JUDGE